Ruffin, Chief Justice.
 

 — The opinion delivered in the Superior Court, is that entertained by this Court; and very much upon the reasons expressed by his honour. For it would seem to be a first principle, that in an action sounding in damages, none can be recovered, if none have been sustained byothe plaintiff
 

 Marcum, the purchaser at sheriff’s sale, has been regarded by the plaintiff’s counsel, as a purchaser with warranty; because, under the statute, ho can have recourse to Tucker, the defendant in the execution. The Court supposes it clear, that he is an assignee, who, by reason of the privity of estate, is entitled to the benefit of, and bound by all covenants running with the land.
 
 Spencer’s case,
 
 6th Resolution, 5 Rep. 17. But whether such recourse against Tucker, would amount to such a warranty, or ought to be construed to have the same effect, the Court does not deem it necessary to determine. Because we think, an express warranty from Tucker to Marcum, would not, upon the eviction of the latter, give an action to Tucker against Crump, on his covenant of warranty, nor be a bar to that of Marcum against Crump on the same covenant.
 

 In support of the proposition to the contrary, the counsel for the plaintiff has been able to adduce no case, in which that was the point adjudged. In
 
 Kane
 
 v.
 
 Sauger,
 
 14 John. Rep. 89, Chief Justice Sfencer states the general rule to be, that where covenants run with the land, if it be conveyed before a breach of the covenant, the assig-nee only can sue upon the subsequent breach; but if the assignor be himself bound in his deed, to indemnify the assignee against such breach, there the assignor only can bring the action. This is certainly a very explicit declaration of the opinion of a most respectable Judge. But
 
 *96
 
 it is not entitled to the authority of an adjudication ; because it was not necessary to the decision of the case, and is only a
 
 dictum.
 
 There the plaintiff, who was the assignor, had immediately taken back the legal estate, by way of mortgage in fee; and therefore his assignee could not, under any circumstances, have had an action; for at the time of the breach, he was not the assignee, but the plaintiff was reinvested with the estate by force of the mortgage. Upon this ground the plaintiff had judgment. As it was held, that in the case proved, the effect of the plaintiff’s warranty could not be a bar to the action, it became immaterial to determine what the effect would have been, if the estate had remained in the assignee, until his eviction. No English case is referred to by the Chief Justice, and but one in this country, that of
 
 Bickford
 
 v.
 
 Paige, 2
 
 Mass. Rep. 460. This last case does not seem to us to admit of such an interpretation. Chief Justice Pak-sons says, that “ the assignee alone can sue, unless the nature of the assignment be such, that the assignor is hoi-den to indemnify the assignee against a breach of the covenants by the original vendor ; which is founded on the principle, that no man can maintain an action to recover damages, who has suffered none.” This is a very clear opinion, that an assignee without a covenant from his immediate vendor, may sue on a remote covenant; and that he alone can sue in such a case; and that for the very best of reasons — because no body else is injured. But it affords no inference, that an assignee with warranty may not also sue on a remote covenant, but only, that in such case, he is not the only person, who can have remedy for a breach. In the context, it must mean, that the assignee who is evicted, may sue the remote covenantor for the damages sustained by him; but that this case is not like the former in which he alone could have the action; because in this case, another, besides the assignee, may sustain .damages, namely, his assignor upon his engagement to indemnify. As without such engagement the assignor could not sue, because he could not be injured; so where he paid the damages to the assignee upon such an engagement, the assignor could sue, because he then had suffered.
 
 *97
 
 But because the assignor can bring an action after suffering, it does not follow that he can bring his action upon the eviction of his assignee, and before satisfying the assig-nee, and to the exclusion of the assignee himself. This construction of the language of Chief Justice Parsons is that adopted by the Court in
 
 Withy
 
 v.
 
 Mumford,
 
 5 Cowen’s Rep. 137, in which the doctrine laid down in
 
 Kane
 
 v.
 
 Sanger,
 
 is pointedly denied, under such circumstances as to destroy its authority, even in the Courts of New York. For had the point been necessary to a decision in
 
 Kane
 
 v.
 
 Sauger,
 
 it is adjudged directly to the contrary in
 
 Withy
 
 v.
 
 Mumford,
 
 in which it was held, that the assig-nee, who is evicted, may sue any one or more of the cove-nantors, whether immediate or remote; and that an assignor, who has himself covenanted, cannot sue a prior covenantor, until he has himself satisfied the evicted assig-nee ; but that upon doing that, he can.
 

 This Court is at loss for a reason upon which the first rule laid down in the Supreme Court of New York can be sustained, or the second can be impeached. If there be a reason, it must be peculiar to covenants and conveyances of land. None such is perceived; and to us, the position contended for, seems to be inconvenient, unjust, and contrary to analogy. It multiplies suits, by requiring each assignee to sue his own vendor only. It may defeat the evicted person of his damages, by enabling his insolvent assignor to recover the money from the only person among those liable, who is able to pay it; and he may refuse to pay it over. Covenants which run with land, were always exceptions to the maxim of the common law, that
 
 choses in action
 
 could not be assigned. They cannot be separated from the land, and transferred; but with the land they could, as being annexed to the estate in possession, and bound the parties in respect to the privity of estate. In other instances of assignments tolerated by law, the assignee having for the time being the right, is alone entitled to an action on the contract, and may have his action against any of the parties bound, either mediately or immediately. Negotiable mercantile instruments, afford a similar example. The holder may sue, not only his own
 
 *98
 
 endorser, but also any one whose name is on the paper. But an endorser cannot have an action against any party prior to himself, until he shall have taken up the paper from the last holder, and thus become the holder to his own use. The good sense of this principle seems to make it necessarily applicable to all cases of successive engagements of indemnity.
 

 It is admitted that, if the grantee with warranty, convey without warranty, the last grantee may sue directly on the covenant of the first grantor. It is not seen, why the interposing a second warranty should, nor how it can, restrict the assignee to a remedy on the last covenant. In each case, the first covenant came to him, as being annexed to the estate; and thus belonging to him, he, and not another, ought to have the action on it, until he gets satisfaction. When that is made, the person who makes it, is then the injured person, and may have his action to make himself whole. It is for the benefit of all parties, that each claimant should have a direct recourse on the person ultimately responsible, if he be able to respond.
 

 An argument was drawn for the plaintiff, from the doctrine of
 
 Buckhurst’s case,
 
 1 Co. Rep. 1, that a vendor who warrants, is entitled to keep the title papers, which contain covenants to which he may resort for his indemnity. The inference sought is, that if he has a right to the deed, it must be, because he alone can bring an action on the covenants in them, or that such possession gives him the exclusive right of action. In our opinion, that consequence cannot be deduced. It affords no better ground for his action for a breach subsequent to his assignment, than for such action before any breach, in anticipation of one. The possession of the title deeds may indeed put the assignee to a difficulty in framing his declaration, making proferí, and giving evidence of a deed not in his own possession, which he must encounter, and get over as well as he can. Indeed, it may be, that he may be excused from a pro-ferí, if the record shows that he is not entitled to the deeds. But these obstacles merely arise out of the rules of pleading and evidence, as between the assignee and covenantor sued; and have no reference to the rights of an
 
 *99
 
 intermediate owner, who has parted from his title. The first feoffor can make direct satisfaction to the person evicted, or take a release from him. That an assignee may sue the remote covenantor, the case of
 
 Middlemore
 
 v.
 
 Goodall,
 
 Cro. Car. 503, is a direct authority.. It is true that the'plaintiff there did not state in his declaration, that his conveyance was with warranty; so that the effect of such a covenant is not precisely shown by that case. But it is equally true, that it does not appear that the deed to the plaintiff did not contain such a covenant. Now every declaration must give a complete cause of action, and if the law be, that an assignee with warranty cannot sue on any prior covenant, the declaration ought to aver that the plaintiff is an assignee without one. Nothing of that kind is found in that case, nor in the precedents. They are silent as to the covenants contained in all the deeds, under which the plaintiff claims, except the particular covenants on which the suit is brought, and only sets forth the operative parts of the deed, as conveying the estate to the plaintiff. Nor has any case, or precedent been found, of a plea, that the conveyance from the plaintiff’s vendor, or from some assignor between himself and the defendant, did contain covenants, although the case of such covenants, posterior to that of the defendant in the action, must frequently have occurred.
 

 But a still broader ground was asserted in the argument; which is, that even if the assignee Marcum could sue, yet the plaintiff, as administrator of Tucker, the defendant’s bargainee, could also have his action: the two actions resting on different grounds; the former on privity of estate, and the latter on privity of contract.
 

 For this no direct authority has been cited, and we suppose there can be none. For it is a proposition of simple justice to the covenantor, that both actions cannot be maintained. It has however been likened to the case of the action of covenant by a lessor against an assignee of the lessee, and also against the lessee himself; both of which will certainly lie. That, however, is but the ordi-t nary case of a creditor having a right to look to two per-l sons severally for the same debt, from one only of whom,
 
 *100
 
 is he allowed to collect it. This would be the anomalous one, of two persons having each the distinct right to recover and collect from a debtor, the same money, although he ought to pay it but once. The present case is really correlative, not to that of a lessor claiming from the lessee and his assignee the rent due him, but to that of a lessor who has assigned his reversion and sues the lessee on the covenants in the lease for rent arising after the assignment. That such an action cannot be sustained upon the privity of contract has been settled ever since Lord Coke’s time.
 
 Walker’s Case,
 
 3 Rep.
 
 22.
 
 It is there laid down
 
 “
 
 that if the lessor grants over his reversion, now the contract run-neth with the estate, and therefore the grantor shall not have any action of debt for rent due after his assignment, but the grantee shall have it; for the privity of contract follows the estate, and
 
 is not annexed to the person hut in respect of the estate.”
 
 The explanation of the difference he proceeds afterwards to give, and it is most reasonable. “ The lessee himself, ” he says, “ shall not prevent by his own act such remedy which the lessor hath against him ; but when the lessor grants over the reversion,' there,
 
 against his own grant
 
 he cannot have remedy, because he has granted to another the reversion, to which the rent is incident.” It is thus seen, that to an action by the lessor against the lessee or his assignee, it is a full answer,
 
 that the plaintiff had assigned before the rent accrued.
 
 The same principle embraces the present case. Tucker, the defendant’s grantee, cannot have the action, because he conveyed to Marcum, before the breach, the estate to which the covenant was incident, and the original privity of contract will not support the action, but in respect of the privity of estate continuing, or of the loss of the estate and damages thence arising to the plaintiff
 

 Indeed, if privity of contract alone was sufficient without reference to the estate, the present plaintiff might recover as well if his intestate had conveyed without, as with warranty; for the covenants inserted in the deed do not make it more or less an assignment of the land. Yet the very cases cited admit the assignee’s sole right to sue,
 
 *101
 
 if there had not been a warranty by his vendor; for if he had not the right there would be no redress.
 

 But there are other cases from which it is clear that mere priority of contract will not suffice to sustain an action; but the plaintiff must show a damage arising to himself in particular, from the breach alleged. Those of
 
 Kingdon
 
 v.
 
 Nottle,
 
 1 Maule & Selw. 355, and 4 Id. 53, are clear examples. The defendant conveyed to the testator with. a covenant of seisin; and the first action was brought by the plaintiff
 
 as executrix,
 
 upon the idea that such a covenant was broken as soon as entered into, and therefore that, as in other cases of a breach in the testator’s time, she ought to sue in that character. But it was held otherwise on demurrer, because although the warranty was broken in the testator’s time, yet the declaration did not show a special damage to him in his life-time, and the heir or devisee took the estate such as it was, and was entitled to the benefit of the covenant; and therefore the
 
 executrix
 
 could not sue, and claim the damages as
 
 personalty,
 
 since the testator had not so treated the breach of covenant. Lord Ellenbojiough said there would be a difficulty in admitting the executrix to recover at all, that is, upon the declaration as framed, without allowing her to' recover the full amount of damages for the defect of title; and in that case, the heir would be barred by her recovery; for the heir could not maintain another action for the same breach and the same damages. All the Judges, indeed, put it pointedly, that the recovery by the executrix would be a bar to the heir, and leave no subject of a suit for the devisee, although the estate such as it was, came to him, and the damage was actually to him. Accordingly when the same plaintiff, in the last case, sued as
 
 devisee,
 
 there was judgment for her. These cases are contrary to several in this country in one respect; which is, that upon a covenant of seisin the assignee of the land cannot have an action, since the breach is necessarily before the assignment.
 
 Greenby
 
 v.
 
 Wilcox,
 
 2 John. Rep. 4, and
 
 Beckford
 
 v.
 
 Paige,
 
 2 Mass. Rep. 460. That difference does not affect the question before us; and the case of
 
 Kingdon
 
 v.
 
 Nottle,
 
 is a clear authority for this principle, that when
 
 *102
 
 ever a person is
 
 in
 
 the land in privity of estate with the covenantor, eviction or defect of title is not necessarily to the damage of one who has merely a privity of contract; but that such latter person must particularly show
 
 his
 
 damage, before he can sue on the contract. It further establishes, that the action of the person who has only a privity of contract will not lie, because a recovery in it would be a bar to the person who had the privity of estate, to whom the injury is immediate, and who therefore has the first right to satisfaction.
 

 Upon the whole, therefore, the Court is of opinion, both upon authority and reason, that a purchaser with warranty from his vendor may sue upon a covenant of warranty to his vendor; and as a consequence, that the latter cannot sue, until he shall have sustained damage by making satisfaction upon his own covenant.
 

 This is the more proper here, since the rule established in this state • for measuring the damages; because the plaintiff’s intestate ought not to recover his purchase money, but only what Marcum recovered from him ; that is to say, the purchase money and interest paid by Mar-cum.
 
 Williams
 
 v.
 
 Beeman,
 
 2 Dev. Rep. 483.
 

 The observations on the first point supersede the necessity of examining the question, whether an estate passed by the defendant’s deed or not. The declaration is not framed on a covenant to convey, as if this were such an agreement and not a conveyance; but on this as a covenant of warranty of an estate conveyed. The gravamen is the eviction of Marcum, the assignee, and the damages arising therefrom; and not a refusal to make an assurance. Now the eviction of the intestate’s assignee can
 
 never,per se,
 
 be an injury to the plaintiff; but to the assignee alone, until he shall have called on the plaintiff to make him whole. When that shall be done, the plaintiff can state a case in his declaration, on which a special damage to his intestate, or to himself as administrator, can be seen and assessed to him.
 

 Per Curiam. Judgment affirmed.