J. F. MUNDAY v. WHISSENHUNT & WHISSENHUNT, Executors.

*Contract—Champerty.*

A contract in which the obligor engages to give the obligee (who was not authorized to appear for parties litigant and manage law-suits) one-half of the land in dispute or one-half its value in the event of recovery, as compensation for his service in the management of the suit, is against public policy, and void.

(*Barnes* v. *Strong*, 1 Jones' Eq., 100; *Martin* v. *Amos*, 13 Ired., 201, cited and approved).

CIVIL ACTION tried at Fall Term, 1883, of CATAWBA Superior Court, before *Graves, J.*

The plaintiff brought this action to recover compensation for services rendered by him to David Whissenhunt, the testator of the defendants, under a contract in writing and under seal, of which the following is a copy:

"This day I, David Whissenhunt, do agree for said J. F. Munday, of Alexander county, to have one-half of whatever I

may recover in the suit or secure in settlement, between me and W. C. Jones, for the services I have employed him to do for me in the suit, or in settlement between me and Jones; if I succeed in the recovery of the suit, or any part, he is to have the half of the land or pay from me for one-half of the worth of the land which is in dispute between me and Jones. If I fail, and save nothing, and Jones succeeds, I am not to pay him anything for his trouble or service. Given under my hand and seal, this 8th of May, 1880." (Signed and sealed by David Whissenhunt, and witnessed).

On the trial the plaintiff put this contract in evidence, and offered proof going to support the allegations contained in the complaint. After all the evidence had been introduced, the court held that upon the whole case the plaintiff was not entitled to recover, and instructed the jury to find a verdict for the defendants. The plaintiff excepted generally to this decision of the court, but assigned no special grounds of exception. The jury rendered a verdict as instructed, and the court gave judgment for the defendants. Thereupon the plaintiff appealed.

*Mr. M. L. McCorkle*, for plaintiff.
*Mr. L. L. Witherspoon*, for defendants.

MERRIMON, J. As no special grounds of error are assigned in the record, it becomes necessary to determine whether or not, in any view of the whole record, the plaintiff was entitled to recover. His counsel insisted in the argument before us, that the allegations in the complaint constituted a good cause of action, and the defendants having denied the same, the evidence introduced on the trial fully proved them, and, therefore, the court erred in holding that the plaintiff could in no wise recover.

It is a clear principle of law, that an engagement, whether under seal or by parol, to do an immoral act or service, or such acts as contravene the settled policy of the law, cannot be upheld as a binding contract, nor can the plaintiff in an action recover

compensation for services rendered under or in pursuance of such engagement. The sound maxim of the common law is, "*ex turpi contractu non oritur actio.*" Whatever contravenes sound morality, or the policy of the law, vitiates and renders void any contract or engagement into which it may enter.

In our judgment the contract sued upon in this case is illegal and void, because it stipulates for a service to be performed by the plaintiff that the law forbids, upon grounds of public policy, and denominates maintenance and champerty.

One Jones had brought his action in the superior court of Alexander county against the testator of the defendants, to recover a tract of land. The plaintiff in this action was in no way a party to or interested in that suit. He was a stranger to it, and not related to the defendant therein. He was not a lawyer, but a layman, and not authorized to manage or defend suits for other people in courts of justice. Nevertheless, he entered into a contract, the substance of which was that the plaintiff in this case should aid the defendant in the action mentioned, in defending and managing his case, and receive as compensation for his services in that respect one-half of the land in controversy, or one-half its value, if the defendant should secure it, or if the suit should be compromised, then one-half of whatever might be realized or saved by such compromise; and if the defendant should entirely fail of success, the plaintiff was in that case to get nothing for his services. This comes clearly within the meaning of maintenance and champerty.

It was not the business of the plaintiff to advise about and manage law-suits, and he had no authority to do so. He interfered in a litigation that in no way concerned him, and engaged to help one of the parties to it (the defendant), exactly how, does not appear, but in some effective way, and to receive as pay for his services one-half of whatever advantage might be realized by his employer. This is precisely what the law forbids. It does not tolerate or permit such interference. If the plaintiff might so interfere in the case referred to, he may do so in any case, and

to any extent. If he may do so, every other person may do likewise; and it is easy to see that the result would be that all manner of combinations and conspiracies would be brought about to prevent and stifle justice, sometimes in one way and sometimes in another. It is a wise, wholesome and necessary provision of the law, justified by the experience of ages, that men shall not interfere in law-suits in which they have no interest, to help one party or the other in consideration of a part of the fruits of litigation. Such contracts are not only invalid, but it is indictable at the common law to so interfere. This court has uniformly recognized and upheld the doctrine of the common law on this subject. In *Barnes* v. *Strong*, 1 Jones' Eq., 100, it was held, that a contract between a father and his son, made during the pendency of a suit against the father, whereby the son agreed to defend the suit for the father, in consideration of receiving a part of the property in controversy, in case of success, is void, as coming within the prohibition of the common law against champerty. This case is a stronger one than that.

It was insisted on the argument, that the purpose of the plaintiff was to bring about a compromise of a law-suit, and not to foment strife. If that be granted, it was still an interference and taking sides for a part of the advantage to be gained. But the contract shows very clearly it was contemplated that defence was to be made, and an effort to secure the whole land in controversy, in which case, the plaintiff was to have one-half of it, or half its value in money. This was champerty, and rendered the contract void. *Martin* v. *Amos*, 13 Ired., 201 ; *Barnes* v. *Strong*, *supra*; 7 Wait's A. & D., 73, *et seg.*; 2 Bacon Abr. *Title*, champerty.

There is no error, and the judgment must be affirmed.

No error. Affirmed.