JAMES T. HODGES v. D. H. LATHAM.

*Estoppel—Eviction—Warranty.*

1. If A conveys land to B and subsequently to C, in an action by the latter for a breach of a covenant of warranty, the vendor is estopped from denying that B had obtained the title.

2. It is not necessary, in an action for a breach of warranty in a deed conveying lands, that the purchaser shall show an actual eviction under legal process. If it appears that he yielded possession to the owner of the paramount title, or the lands being vacant, such owner entered into possession, it is such an eviction as will entitle him to recover.

3. If there has been no eviction by legal process, the burden of showing paramount title is upon the purchaser. Even then, the existence of such title in another, without actual possession, is not a breach of the covenant of warranty.

(*Grist* v. *Hodges*, 3 Dev., 198; *Herrin* v. *McEntire*, 1 Hawks, 410, cited and approved).

CIVIL ACTION, tried before *Avery, Judge*, at June Term, 1887, of BEAUFORT Superior Court, for an alleged breach of warranty and damages therefor.

The plaintiff offered in evidence a deed from D. H. Latham (the defendant) and Harriet L. Latham, his wife, dated December 22d, 1875, duly executed, proved and registered, conveying the land therein described to the plaintiff in fee, with warranty of title. He then testified that he purchased the land described in the deed and gave his notes of one hundred dollars each, payable one each for four successive years, and one payable on demand; that he paid the first and second notes, and on December 3d, 1878, he paid $25, for which he exhibited defendant's receipt. He further testified that he had paid in all $245, prior to December 3d, 1878, which sum he claimed, with interest from that date, as damages.

Plaintiff further testified that he worked on the land in 1876, and cultivated three crops; that the next year he rented it to Wm. Mitchell, a colored man; that in October, 1879, being the October after the date of the twenty-five dollar receipt, he went to Pitt county and returned about Christmas of the same year and found that Willis Cherry had got possession of the land; that Cherry had married one of Crandall C. Little's daughters (said Little being the per-

son to whom defendant had conveyed the land prior to the war, as was shown by the testimony); that he went to Latham and asked him to give up the notes that remained unpaid, and he refused to give them up. After plaintiff came back from Pitt county, he went with Col. Wharton to defendant; Wharton told him that he could make the title good, and defendant said it was good and he was not going to bother any more about it. Witness stated on cross-examination that he did not abandon the land, but that his tenant, Mitchell, had lost possession when witness returned at Christmas, 1879; that Latham recovered two judgments against him, on September 30, 1879, before a justice of the peace, one for two hundred and one for one hundred dollars, and had them docketed in the Superior Court. It was admitted that the said judgments were rendered September 30, 1879, for the three purchase money notes for said land, and that witness did not resist a recovery on such judgments. It was further admitted that Cherry took possession between the time when the plaintiff left the land in charge of his tenant Mitchell and went to Pitt county, and the date when the defendant issued the summons against the heirs-at-law of C. C. Little, which was November 28, 1879. Plaintiff then introduced the record of a suit in behalf of D. H. Latham (the present defendant) against Willis Cherry and others, heirs-at-law of C. C. Little, commenced November 28, 1879. By virtue of the various orders and decrees in this suit the land was sold and conveyed to W. A. Blount by the defendant on the 1st of November, 1886, and sale confirmed.

The record referred to and sent up as part of the transcript shows a summons originally issued the 28th day of November, 1879, in the name of D. H. Latham *v.* Willis Cherry and others, and a petition representing that in 1861 the plaintiff in that proceeding (D. H. Latham) sold to Crandall C. Little a parcel of land, situated in Beaufort county, for the price of $700; that at the time of the purchase, Little

executed his note to said plaintiff (Latham) for the purchase money, which was still unpaid, with the exception of $48.16 paid September 11th, 1861; that Little died in 1862, leaving the defendants (Cherry and wife and others) his heirs-at-law; that administration was taken out on the estate of Little shortly after his death by one Grey Little, who has since died, and that no personal property remained belonging to the estate, and that "the bond given by the said administrator is insolvent." He asks that a guardian *ad litem* be appointed for the infant defendant, and for a decree for a sale of the land for the payment of the purchase money. To this there was a demurrer, which was sustained, but subsequently D. H. Latham qualified as administrator *de bonis non* of Crandall C. Little, and by agreement of counsel an amended petition was filed in his name as administrator *de bonis non*, setting forth in substance among other things, the indebtedness of the said C. C. Little to the plantiff in that proceeding (D. H. Latham); that the said indebtedness was for the unpaid part of the purchase money for the land described in the petition. The petition further represented that the said Crandall C Little "died seized in fee simple and possessed of the following tract or parcel of land," (describing it); that it is worth $500 or $600, and asks judgment that it may be sold for the purpose of paying the debts of his intestate.

The Court intimated that the jury would be instructed that the plaintiff could not recover, and thereupon the plaintiff submitted to a judgment of *non-suit*, and appealed to the Supreme Court.

*Mr. George H. Brown, Jr.,* for the plaintiff.
No counsel for the defendant.

DAVIS, J., (after stating the case as above). It was under and by virtue of the judgment in the special proceeding of D.

H. Latham, administrator, &c., of C. C. Little v. Willis Cherry et als., that the land in question was conveyed to W. A. Blount by the defendant Latham, and the proceeds of the sale, or so much thereof as was applicable to that purpose, applied in discharge of the balance of the purchase money due upon the sale of the land made to C. C. Little in 1861. The paramount title was in the heirs of Little, claiming under the sale made to their ancestor in 1861, by the defendant Latham. He cannot be heard to say that their title was not good and paramount to that acquired by the plaintiff from him.

One of the heirs of Little had acquired possession in the manner stated in the case. Was that such an eviction, actual or constructive, as to entitle the plaintiff to recover upon the warranty in the deed from Latham to him? We think it was.

"The existence of a better title, with an actual possession under it, is of itself a breach of the covenant." The purchaser is not required to bring an unnecessary action in which he must fail to recover the possession. Grist v. Hodges, 3 Dev., 198; Herrin v. McEntyre, 1 Hawks, 410; Duvall v. Craig, 2 Wheaton, 45.

If there has been no eviction by legal process the burden of showing that there was a better or paramount title is upon the purchaser, and even then the mere existence of a superior title in another is not a breach of the covenant, but the purchaser need not be actually evicted by legal process. "It is enough that he has yielded possession to the rightful owner, or the premises being vacant that the rightful owner has taken possession." Washburn on Real Property, Vol. 3, 406, 3d Ed.

In Sprague v. Baker, 17 Mass., 586, there was a valid prior encumbrance by mortgage, which, upon demand, the purchaser discharged. This was held to be such an eviction constructively as entitled him to recover upon the warranty.

So in *Norman v. Lee*, 2 Black, 507, it is said that an adverse possession by virtue of a paramount title is regarded as an eviction, and involves a breach of the covenant of warranty.

There was error, and the plaintiff is entitle to a new trial.

Error.                                                    Reversed.