JOSIAH MIZZELL, et al. v. MARY E. RUFFIN, Administratrix
of J. B. RUFFIN.

*Action for Breach of Warranty— Warranty, Real and*
   *Personal—Statute of Limitations—Pleading—Prac-*
   *tice—Defective Statement of a Good Cause of Action.*

1. An allegation in a complaint in an action for breach of warranty
   that "there was and is a breach of defendant's contract of
   warranty aforesaid," is a defective statement of a good cause
   of action in that it does not allege in what the breach con-
   sisted, as by a specific allegation of ouster.

2. A defective statement of a good cause of action may be taken
   advantage of by demurrer; if not, it is waived. If demurred
   to, the court will, in the interest of justice, permit plaintiff
   to amend.   But a statement of a defective cause of action
   cannot be cured by amendment, and may be taken advantage
   of by motion to dismiss in the Supreme Court, even when
   not taken below, or the court may dismiss it *ex mero motu.*

3. Where, in an action for breach of warranty, the answer to a complaint containing a defective statement of a good cause of action is framed on the idea that the averment of ouster was sufficiently stated, denies the ouster.and pleads the statute, it is a clear case of aider.

4. The warranty in a conveyance of the right to cut standing timber is a real and not a personal warranty, and the breach arises upon the ouster, and not upon the making of the defective warranty.

5. Where, in trial of an action for breach of warranty in a conveyance of right to cut timber, it appeared that the plaintiffs learned of the defect in their title more than ten years before action brought, but were not interfered with, and stopped of their own accord, and afterwards, within a year before bringing the action, they resumed work, but, in obedience to notice from the true owner, desisted, and the owner took possession under his superior title; *Held*, that the ouster took place, not when the plaintiff stopped work of his own accord, but when he did so upon being warned to quit, and.the statute began to run from that time.

CIVIL ACTION, to recover damages for breach of warranty, begun on 4th September, 1890, and tried before *Boykin, J.*, at Fall Term, 1895, of BERTIE Superior Court.

On August the 1st, 1874, the intestate of defendant conveyed the land described in the complaint for valuable consideration, to the plaintiff with general warranty. His title was defective at the time of the conveyance. The plaintiffs learned of this defect more than ten years before the bringing of this action. They worked the timber for a while, the year after the conveyance, and then ceased of their own accord, till the year this action was begun, when again commencing work, they were notified to desist by one Wynn holding a paramount title to theirs, and in obedience to this notice they did desist, and Wynn took possession of the property under his paramount title. Upon these facts appearing the court intimated that the plaint-

MIZZELL *v.* RUFFIN.

iffs' claim was barred by the statute of limitations, and that they could not recover, and the plaintiffs submitted to a nonsuit and appealed.

*Messrs. Pruden & Vann,* for plaintiffs (appellants).
*Mr. F. D. Winston,* for defendant.

CLARK, J.: The allegation that there " was and is a breach of defendant's contract of warranty aforesaid " states a good cause of action, but imperfectly in that it does not allege wherein, as by a specific allegation of ouster, etc. This is a defective statement of a good cause of action and not a statement of a defective cause of action. The former must be taken advantage of by a demurrer, whereupon in the interest of justice the court may allow the plaintiff to amend, and if it is not demurred to the defect is waived. The latter, a defective cause of action, could not be cured by an amendment, since an amendment totally changing the nature of the action ( *Ely* v. *Early,* 94 N. C., 1 ) or admitting a change into a cause of action when there was none before ( *Richards* v. *Smith,* 98 N. C., 509 ; *Kron* v. *Smith,* 96 N. C., 389 ; *Clendenin* v. *Turner, Ib.,* 416 ) cannot be allowed. Clark's Code ( 2nd Ed. ), p. 224. A statement of a defective cause of action can be taken advantage of by a motion to dismiss in the Supreme Court even when not taken below, Rule 27 of this Court or the court may dismiss the action *ex mero motu ;* ( *Hagins* v. *R. Co.,* 106 N. C., 537, Clark's Code, 2nd Ed., pp. 165, 698 ) but the insufficient statement of a good cause of action, which is the case here, is cured if not demurred to. *Knowles* v. *R. Co.,* 102 N. C., 59 ; *Johnson* v. *Finch,* 93 N. C., 205. Such defect is cured by answering to the merits. *The Code,* Sec. 242 ; *Bowling* v. *Burton,* 101 N. C., 176 ; *Halstead* v. *Mullen,* 93 N. C., 252 ; *Warner* v. *Railroad,* 94 N. C., 250. Besides in the present case the

MIZZELL *v.* RUFFIN.

answer is framed on the idea that the averment of ouster was sufficiently stated and denies the ouster and also pleads the statute of limitation.    It is a clear case of *aider*. *Garrett* v. *Trotter*, 65 N. C., 430, cited in *Knowles* v. *R. Co.*, *supra ; Harris* v. *Sneeden*, 104 N. C., 369 ; *Bonds* v. *Smith*, 106 N. C., 553 ; Clark's Code ( 2nd. Ed. ), pp. 172, 173.

According to the evidence the plaintiffs learned of the defect in their title more than ten years before action was brought, but were not interfered with and stopped of their own accord.    This was not an ouster and the statute was not set in motion.    Within a year before this action was brought they again resumed work, but were at once notified to desist by the owner of the true title, and in obedience to such notice they did desist and the owner took possession of the property under his superior title.    This was an ouster (*Hodges* v. *Latham*, 98 N. C., 239), and the statute of limitation then first began to run, and his Honor erred in holding that the cause of action was barred.

The warranty in a conveyance of a right to cut standing timber is a real and not a personal warranty, and the breach arises upon the ouster and not upon the making of the defective warranty.

The nonsuit must be set aside and a new trial ordered.

New Trial