RAVENAL v. INGRAM.

(Filed December 18, 1902.)

1. COVENANTS —*Warranty* —*Deeds* —*Judgments* —*Possession* — *Ouster.*

To constitute a breach of warranty there must be an ouster or a disturbance of the possession, and a judgment against a grantee is not sufficient.

2. PLEADINGS—*Complaint*—*Covenants*—*Warranty*—*Ouster.*

A defective allegation of ouster, in an action for breach of covenant of warranty, will be treated as a defective statement of a good cause of action if the defendant takes no exception thereto.

3. PLEADINGS—*Complaint* —*Covenants* —*Warranty*—*Ouster*—*The Code, Sec. 260.*

In an action for breach of a covenant of warranty, to defend the title against all persons claiming under the covenantor, a failure to allege that the party alleged to have recovered the land from the plaintiff claimed under the covenantor, renders the complaint defective, which defect may be taken advantage of at any time.

4. COVENANTS—*Warranty—Parties.*

A grantee without warranty may maintain an action against a prior grantor with warranty.

5. COVENANTS—*Warranty—Parties.*

A warranty is a covenant real and runs with the estate, and can not be assigned or separated from it.

6. COVENANTS—*Seizure—Parties.*

A covenant of seizure does not run with the land, and may be assigned separate from it.

7. CHAMPERTY AND MAINTENANCE—*Parties—Covenants—The Code, Sec. 177.*

An agreement assigning the right to sue for a breach of a covenant of warranty, without consideration, and for the purpose of bringing suit, is champertous, and the assignee can not maintain the action, he not being the real party in interest.

ACTION by S. P. Ravenal, Jr., against C. L. Ingram, executor of John Ingram, heard by Judge *M. H. Justice* and a jury, at November Term, 1901, of the Superior Court of MACON County. From a judgment of nonsuit, the plaintiff appealed.

*H. G. Robertson,* for the plaintiff.
*F. S. Johnston,* for the defendant.

FURCHES, C. J.   This is an action for breach of covenants contained in three deeds made by John Ingram, the defendant's testator; one contained in a deed to T. J. Corbin, one in a deed to D. N. Evitt, and one in a deed to H. E. Gibson. The plaintiff is a subsequent purchaser of the land mentioned in the two first-named deeds, which he holds under deeds without warranty.

The plaintiff then alleges that one Henry Stewart, at Spring Term, 1899, of Macon Superior Court, recovered a judgment for said land, and thereby the plaintiffs have been disturbed and deprived of their possession. It requires more than the judgment of Court to constitute a breach of warranty. There must be an ouster, or a disturbance of the possession equivalent to an ouster. *Mizell v. Ruffin,* 118 N. C., 69. And no right of action accrues upon a covenant of warranty until there is such ouster or disturbance. *Mizell v. Ruffin, supra.*

The plaintiff's complaint is very defective in its statement of ouster; but, as it says that, owing to the action of Stewart, he has been disturbed and *deprived of his possession,* and the defendant seems to have treated this as a sufficient averment, by not demurring or by not taking any special exception to said averment, we will treat this part of the complaint as a defective statement of a good cause of action, and not as a statement of a defective cause of action. *Ladd v. Ladd,* 121 N. C., 118.

But there is another defect in the complaint which is much more serious. The warranties in the two deeds mentioned to Corbin and Evitt are special warranties, and are as follows: "Do hereby covenant to warrant and defend the title to the aforesaid described land against the claim or claims of any and all persons claiming through or under us." Therefore, to create a breach of the warranty, it was necessary to aver and show that Stewart recovered upon a title *derived from the said John Ingram, the grantor*. This the plaintiff *does not allege;* and we must suppose that it was not true, or it would have been alleged, as it was the crucial point in his case. If they had been general warranties, although the complaint would then have been defective, we will not say but what it might have been sustained as a defective statement of a cause of action, under our liberal practice. The Code, Sec. 260. But as liberal as our practice is, a complaint so vitally defective as this is can not be sustained, and such defect may be taken advantage of at any time, even in this Court. *Mizell v. Ruffin, supra.*

From the brief filed, it would seem that the principal question intended to be presented was, whether a grantee without warranty could maintain an action against a prior grantor with warranty. This doctrine seems to be well settled in this State that he can. Where one conveys with general warranty, another without warranty, another with warranty, and still another without warranty, and the last vendee is evicted by title paramount to the warranting grantor's, he may sue either of the warranting grantors, but not both of them. *Markland v. Crump,* 18 N. C., 94; 27 Am. Dec., 230; Pearson's Law Lectures, 185. But under the plaintiff's defective complaint, this point in the case is not reached.

This disposes of the action so far as the two first warranties are concerned. But the plaintiff includes in his action a claim for damages on account of a breach of warranty

in the deed to Gibson. This he can not maintain, whatever rights Gibson may have. The plaintiff does not claim to have a deed for this tract, but bases his action and claim to recover on the following contract: "Highlands, N. C., 3d February, 1898.—I, H. E. Gibson, covenant and agree that if the suit brought against me by Henry Stewart should be decided against me, that I will grant and will assign to S. P. Ravenel, Jr., my right to sue John Ingram on the covenant of warranty contained in the deed of conveyance from him to me; provided however, that S. P. Ravenel, Jr., will pay over the surplus recovered from Jno. Ingram to me, after repaying himself the amount he shall have to expend in the defence of said suit, and the $10 paid me this day. Witness my hand and seal, this 3d day of February, 1898. H. E. Gibson. (Seal)."

The plaintiff does not claim to be the owner of this tract of land, and Gibson could not assign the covenant of warranty without assigning the land. The warranty is a covenant real, and runs with the land (the estate), and can not be assigned or separated from it. *Markland v. Crump, supra.* But this deed also contains a covenant of seizin, which is a personal covenant, and does not run with the land, and was broken when the deed was made if the grantor Ingram did not then have the title. Pearson's Law Lectures, 185. But this agreement does not convey this chose to the plaintiff, if it could be conveyed, but only says if Stewart succeeds in his suit he will give the plaintiff a right to bring a suit on it, upon condition that plaintiff will pay him all he recovers, except the costs of the action and the $10 the plaintiff paid him that day. So the plaintiff was to get nothing out of the suit, except the pleasure of having a law suit with the defendant. It is clearly a champertous transaction of the first water, and is *void. Barnes v. Strong,* 54 N. C., 100; *Mundy v. Wissenhunt,* 90 N. C., 458.

Besides, the Court requires all actions to be brought in the name of the true owner or party in interest. The Code, Sec. 177. And, as the plaintiff could not maintain this action, even were it not champertous, but the contract under which he brought the suit is champertous and void, he certainly can not do so.

For the reasons we have stated, the plaintiff can not succeed in this action, and the judgment of the Court below is

Affirmed.