E. C. GUY v. FIRST CAROLINAS JOINT STOCK LAND BANK OF COLUM-
    BIA, AND GURNEY P. HOOD, COMMISSIONER OF BANKS.

(Filed 15 June, 1932.)

1. **Deeds and Conveyances C f—Ouster, eviction or adverse claim are
   prerequisite to right of action on covenant of quiet enjoyment.**

   A grantee in a deed may not bring an action on the covenant of quiet
   enjoyment contained in the deed merely because he has discovered that
   the title to the mineral rights in the land had been reserved by his
   grantor's predecessors in title, an ouster, eviction or adverse claim being
   prerequisite to the right of action thereon.

2. **Mortgages H b—Plaintiff held not entitled to injunctive relief against
   execution of power of sale in deed of trust in this case.**

   Where the grantee executes a deed of trust to secure the balance of the
   purchase price due his grantor, the grantee, in an action against the
   trustee, is not entitled to injunctive relief against the foreclosure of the
   deed of trust according to its terms merely upon allegations that his
   grantor's predecessor in title had reserved the mineral rights in the land,
   there being no allegations of ouster, eviction or adverse claim giving the
   grantee a right of action of the covenant of quiet enjoyment, or that the
   grantor was unable to respond in damages, or that there was no adequate
   remedy at law.

CIVIL ACTION, before *Moore, J.,* at March Term, 1932, of AVERY.

Plaintiff alleged that on or about 28 August, 1928, the First Caro-
linas Joint Stock Land Bank of Columbia, for a consideration of
$5,000, executed and delivered a deed to him for approximately 546
acres of land, more or less, situated in Avery County, North Carolina.
That said deed contained the following covenants: (a) "And the said
First Carolinas Joint Stock Land Bank of Columbia does hereby bind
itself and its successors to warrant and forever defend all and singular
the said premises unto the said E. C. Guy, his heirs and assigns, against
itself and its successors and all persons whomsoever lawfully claiming
or to claim the same or any part thereof." (b) "All and singular the
rights, members, hereditaments and appurtenances to the said premises
belonging or in any wise incident or appertaining." Plaintiff further
alleged that on said date he executed and delivered a deed of trust upon
said property to secure the balance of purchase money to the Raleigh
Banking and Trust Company, trustee for the First Carolinas Joint Stock
Land Bank of Columbia, and that as said trustee had become insolvent,
the said defendant, Gurney P. Hood, Commissioner of Banks, has
succeeded to all the rights and duties of said Raleigh Banking and
Trust Company with relation to said deed of trust. Plaintiff further
alleged that at the time he purchased the land he thought and assumed

that the land bank owned the minerals and mineral rights in and upon said tract of land, but that he subsequently discovered that the mineral rights and interest in and to said land had been expressly excepted and reserved by the predecessors in title of the First Carolinas Joint Stock Land Bank of Columbia. Plaintiff further alleged that defendant, Gurney P. Hood, had advertised the land for sale under and by virtue of power contained in the deed of trust. The defendant, Hood, filed an answer alleging that the plaintiff was in the exclusive and undisturbed possession of the land and all minerals and mineral rights upon the premises, and that he had never been disturbed in his use and full enjoyment thereof by any person. A temporary restraining order was issued in the cause and at the final hearing the trial judge "being of the opinion that the plaintiff is entitled to a continuance of the temporary restraining order heretofore issued in this cause until the final determination of this cause," continued the restraining order pending further orders of the court. The land bank has never been made a party to the cause.

From the judgment rendered the defendant Hood appealed.

*J. W. Ragland for plaintiff.*

*Smith & Joyner, John H. Anderson, Jr., and Thomas, Lumpkin & Cain for defendant, Hood, Commissioner of Banks.*

BROGDEN, J. The defendant demurred *ore tenus* on the ground that the complaint does not state a cause of action in that it fails to set out facts necessary to support an action for breach of covenant of quiet enjoyment. Consequently the question of law involved may be stated as follows: If a grantor conveys land or an interest therein, which he does not own at the time of the conveyance, can the grantee thereupon institute an action for damages upon the covenant of quiet enjoyment where there has been no ouster, eviction or adverse claim?

"The covenant of warranty and the covenant of quiet enjoyment are not strictly personal like the covenant of seizin, which is broken when the deed is delivered if the title is defective, but they are prospective in their operation and an ouster or eviction is necessary to constitute a breach." *Wiggins v. Pender,* 132 N. C., 628, 44 S. E., 362. To the same effect is the declaration in *Cover v. McAden,* 183 N. C., 641, 112 S. E., 817, as follows: "Ordinarily the mere existence of an outstanding paramount title to land will not authorize a recovery by the grantee in an action for breach of the covenant. There must be an eviction, actual or constructive, but not necessarily under legal process. . . . In other words, to warrant recovery there must be some hostile assertion of the adverse title, unless the superior title is in the State."

There is no allegation of ouster, eviction or adverse claim, nor is there allegation or supporting facts tending to show that the First Carolinas Joint Stock Land Bank is insolvent or that plaintiff has no adequate remedy at law. *Porter v. Armstrong,* 132 N. C., 66, 43 S. E., 542. Consequently the restraining order was improvidently granted, and the demurrer is sustained.

Reversed.