R. L. SHUFORD, JR., v. S. G. PHILLIPS AND WIFE, ROSE PHILLIPS.

(Filed 9 April, 1952.)

**1. Deeds § 17—**

A covenant of warranty is an agreement or assurance by the grantor that the grantee and his heirs and assigns shall enjoy the estate conveyed without interruption or eviction by a person claiming under a paramount title outstanding at the time of the conveyance.

**2. Same—**

In an action on covenant of warranty, allegation of legal ouster by a person claiming under an outstanding title is sufficient, allegation that such claim was under better or paramount title being necessary only when possession has been surrendered without legal ouster.

**3. Same—**

Complaint in an action on covenant of warranty alleging that grantee instituted action for the recovery of the premises and to establish his title against a third person asserting title to the *locus,* that notice of the action was given grantor, who actually participated in the prosecution of the action, and that judgment was entered in said cause adjudicating paramount title in such third person, *is held* sufficient as against demurrer, since, in such instance allegation of outstanding paramount title in such third person is not necessary.

**4. Pleadings § 19c—**

Answer to the merits cures a defective statement of a good cause of action, and a demurrer thereafter filed on this ground is properly overruled.

**5. Same—**

Answer alleging an essential element of plaintiff's cause of action is available to plaintiff under the doctrine of aider upon a subsequent demurrer by defendant.

**6. Deeds § 17—**

Right of action for breach of covenant of warranty does not arise until ouster or disturbance of the grantee's possession by virtue of superior title outstanding at the time the covenant was made, and therefore the statute of limitations does not run against the right of action on the covenant of warranty until there is an ouster under such outstanding title.

**7. Appeal and Error § 6c (1)—**

Questions not supported by an assignment of error will not be considered.

APPEAL by plaintiff from *Bennett, Special Judge,* January Term, 1952, CALDWELL. Reversed.

Civil action to recover damages for breach of covenant of warranty contained in a deed to real property.

On 24 May 1941 defendant conveyed to plaintiff a certain tract of land in Caldwell County by deed containing a full covenant of warranty. In 1948 one Hickman, who was asserting title to the *locus,* cut and removed

the timber therefrom. Plaintiff, after notice to defendant, his grantor, instituted an action against Hickman for the recovery of the premises and to establish his title thereto. At the May Term 1950 the cause was heard and "it was adjudged that the defendant Hickman had the better title and upon the demurrer to plaintiff's evidence, a judgment of nonsuit was entered."

Thereupon the plaintiff instituted this action to recover the amount paid defendant on the purchase price of the land, taxes paid, court costs, and attorney's fees. After answering, the defendant demurred to the complaint for that it fails to state a cause of action. The demurrer was sustained and plaintiff appealed.

*W. H. Strickland for plaintiff appellant.*
*Claude F. Seila for defendant appellees.*

BARNHILL, J. In his brief the defendant bottoms his attack on the sufficiency of the complaint to state a cause of action on two grounds: (1) "The complaint fails to allege that plaintiff went into possession, or that he was evicted, ousted, or disturbed in his possession by one having paramount title at the time of the conveyance to plaintiff;" and (2) "Plaintiff, in his pleading, admits the deed upon which J. I. Hickman bases his title is void. It is not, therefore, paramount title." The contentions thus advanced are untenable.

Plaintiff pleads (1) the deed of conveyance for the *locus* executed and delivered to him by defendant; (2) the covenant of warranty therein contained; (3) the entry upon and possession of the land by one Hickman, the sale of the timber by him, and his assertion of paramount title to the premises; (4) notice to defendant of the asserted superior title and hostile claim of Hickman; (5) the institution of an action to oust Hickman and to adjudicate plaintiff's superior title; (6) judgment in said cause adjudicating paramount title in Hickman and dismissing plaintiff's action; (7) the failure and refusal of defendant to prosecute an appeal from said judgment; (8) damages suffered by reason of defendant's breach of warranty; and (9) defendant's admission of liability. These allegations as here abbreviated are sufficient to state a cause of action for breach of a covenant of warranty.

A covenant of warranty is an agreement or assurance by the grantor of an estate that the grantee and his heirs and assigns shall enjoy it without interruption by virtue of a paramount title, and that they shall not, by force of a paramount title, be evicted from the land or deprived of its possession. *Cover v. McAden,* 183 N.C. 641, 112 S.E. 817.

Allegations of the existence of an outstanding superior title in another, without actual possession, is insufficient to state a cause of action for breach of such warranty. *Hodges v. Latham,* 98 N.C. 239.

Either ouster or a disturbance of the peaceful possession by the assertion of an adverse superior title must be alleged. *Lockhart v. Parker,* 189 N.C. 138, 126 S.E. 313; *Guy v. Bank,* 202 N.C. 803, 164 S.E. 323; 14 A.J. 535. "The purchaser need not be actually evicted by legal process. 'It is enough that he has yielded possession to the rightful owner, or the premises being vacant that the rightful owner has taken possession.' " *Hodges v. Latham, supra.*

The duty to allege and prove the existence of a better or paramount title, *with actual possession under it,* exists only in those cases where there has been no legal ouster. *Hodges v. Latham, supra; Guy v. Bank, supra.*

Measured by these rules the complaint, liberally construed, meets the test and is sufficient to repel a demurrer. It is true plaintiff in his reply asserts that the deed to Hickman was without consideration. But this falls short of an admission that it is void. In any event, plaintiff alleges and relies on legal eviction by judgment of a court of competent jurisdiction. To establish the binding effect of that judgment upon the defendant herein, he pleads notice to defendant of the adverse claim and his actual participation in the prosecution of the action. *Culbreth v. Britt Corp.,* 231 N.C. 76, 56 S.E. 2d 15; 14 A.J. 531.

Furthermore, the demurrer was entered after answer filed, and we have held that the defect in a defective statement of a good cause of action is cured by answer to the merits. *Mizzell v. Ruffin,* 118 N.C. 69; *Bowling v. Burton,* 101 N.C. 176.

Likewise, if driven to it, the plaintiff might resort to the doctrine of aider by answer. Defendant alleges in his answer that plaintiff instituted an action against Hickman to try title to the *locus* and the termination of that action by judgment adverse to plaintiff. He further alleges "that for more than thirty years the title to said property was vested in the University of North Carolina under the escheat laws of North Carolina, and that said property remained the property of the University of North Carolina until May 13, 1948"—the date on which a consent judgment that Hickman owned the property was entered in an action between the University of North Carolina and Hickman.

In the light of this latter admission, we are at a loss to perceive just what benefits defendant hopes to reap by his defense to this action. Be that as it may, plaintiff is entitled to be heard on the complaint filed.

Plaintiff's action is not barred by any pleaded statute of limitations. The mere existence of a better title without possession and without ouster or disturbance of the possession of plaintiff does not constitute a breach of warranty. The breach arises upon ouster or disturbance of possession by virtue of a superior title outstanding at the time the covenant was made. *Mizzell v. Ruffin, supra; Lockhart v. Parker, supra; Guy v. Bank, supra.*

Plaintiff in his brief undertakes to discuss a number of questions which are not supported by any assignment of error. For that reason and for the further reason they are wholly immaterial and unrelated to plaintiff's one assignment of error, we pass them without discussion.

The judgment entered is

Reversed.