## Staunton.

CAMPBELL AND ANOTHER v. WATKINS' EXECUTOR AND OTHERS.

September 20, 1906.

1. DEEDS—*Covenants—Special Warranty.*—A covenant in a deed that the grantee "shall have quiet possession of the land and premises hereby conveyed, with covenants of special warranty," is a special and not a general warranty.

Appeal from a decree of the Circuit Court of Buchanan county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*E. M. Fulton,* for appellants.

*William E. Burns,* for appellees.

KEITH, P., delivered the opinion of the court.

The questions to be decided in this case grow out of a deed executed on the 6th day of July, 1897, between J. N. Watkins and wife, of the first part, and John H. Dotson and A. W. Campbell, of the second part, by which Watkins conveyed certain land to the grantees, with the following covenant: "It is further covenanted in this deed that the said J. N. Watkins, and he does hereby retain a vendor's lien on the said lands for

the deferred payments mentioned. The quantity of land hereby conveyed is supposed to contain 1,700 acres, but be the same more or less as to quantity, all taxes on and after the date of this deed to be assessed and paid by the said parties of the second part, and that said party of the second part shall have quiet possession of the land and premises hereby conveyed, with covenants of special warranty."

Campbell and Dotson filed their bill in the Circuit Court of Buchanan county, in which they set forth, among other things, that upon the faith of their title they had expended large sums of money in preparation of, cutting and manufacturing into lumber the timber upon the lands; that they had cut down large quantities of timber; and that after these expenses had been incurred they were sued in the Circuit Court of the United States for the Western District of Virginia by Henry C. King; that they had been put to great cost in defending this suit; that by reason of the covenants in the deed of Watkins to them (which they claim to be in effect a covenant for quiet possession) there has accrued to them the right to set up in equity as an offset and counter-claim against the vendor's lien upon the land, which was reserved in the deed to them from Watkins, their demands for damages growing out of a breach of said covenant.

They also aver that before the completion of the purchase and acceptance of the deed plaintiffs made special inquiry of Watkins as to whether or not he had been sued by Henry C. King, who was then, and ever since has been, claiming certain lands in Buchanan county under a grant from the Commonwealth to Robert Morris, bearing date June 23, 1795, and purporting to describe and grant 500,000 acres of land; and in answer to the inquiry Watkins assured plaintiffs that no suit had been brought by King for the possession of, or otherwise

affecting, the lands he was then offering to sell plaintiffs; that plaintiffs, believing the representations of Watkins to be true and relying thereon, purchased the lands and accepted the deed therefor, which has been filed as an exhibit; and that, notwithstanding the premises, Watkins is demanding of plaintiffs the payment of the purchase money bonds amounting to $5,500, for which a vendor's lien was reserved upon the face of their deed.

The prayer of the bill is that the court will ascertain the damages suffered by the purchasers by reason of the premises, and adjudge them to be in full accord and satisfaction of their purchase money bonds; and that Watkins be enjoined and restrained from prosecuting the suit on his notice of February 27, 1904.

The defendants answered the bill, sundry depositions were taken, and the case coming on to be heard before the Circuit Court a decree was entered dissolving the injunction which had been awarded and dismissing the bill. From that decree the complainants obtained an appeal and supersedeas from this court.

We shall first consider the charge that a positive misrepresentation of fact was made by Watkins to appellants during the negotiations which terminated in the deed of the 6th of July, 1897.

As was said by the learned judge of the Circuit Court, in his opinion filed in the record, "The complainants having alleged fraud, the burden is upon them to distinctly and clearly prove it. The law never presumes fraud, but the presumption is always in favor of innocence and not of guilt." *Engleby* v. *Harvey,* 93 Va. 440, 25 S. E. 225.

Tested by this rule, and giving to the answer the weight to which it is entitled (it having been sworn to and the oath not

having been waived), we agree with the Circuit Court in the conclusion that the allegation of fraud has not been established; in this court, indeed, it appears not to have been insisted on,

The ground upon which appellants rely here is that the covenant in the deed, which we have quoted, is the equivalent of a covenant for quiet possession, that it has been broken, and that a court of equity has jurisdiction in such a case, where the possession has been disturbed by suit, to enjoin the collection of the purchase money and afford the relief prayed for in the bill of complaint.

Conceding, for the sake of argument, all that appellants claim in this respect as to the jurisdiction of a court of equity, and coming to the merits of their contention, we are of opinion that the decree cannot be disturbed. The covenant is "That said party of the second part shall have quiet possession of the land and premises hereby conveyed, with covenants of special warranty," which is the equivalent, and no more, of a covenant with special warranty that the party of the second part shall have quiet possession of the land and premises conveyed. To hold otherwise, as is said by the judge of the Circuit Court in his opinion, would be to say that the grantor at the same time, in the same sentence, intended to give a limited and unlimited warranty.

We think this case is controlled by that of *Allemong* v. *Gray,* 92 Va. 216, 23 S. E. 298. In that case Allemong and wife covenanted that they "will warrant specially the land hereby conveyed; that they have the right to convey the said land to the said grantees; that the said grantees shall have quiet possession thereof, free from all encumbrances; that they will execute such further assurances of said land as may be requisite, and that they have done no act to encumber the same." It was held that "the covenant of warranty is generally considered the

principal covenant in conveyances, and where this is special, and is followed in the same sentence by other covenants in more general language, the subsequent covenants will be restricted by the special covenant of warranty, unless a different intention is manifest."

The case before us seems a stronger one in support of the special nature of the warranty than *Allemong* v. *Gray*. Here the special covenant stands alone; its scope and extent must be determined by reference to its own terms. There is nothing which tends to expand or to enlarge it, while in *Allemong* v. *Gray* it was followed by covenants which, standing alone, unaffected and unlimited by the preceding special warranty, would have been ample for the protection of the grantees; but, in obedience to the rule, that where restrictive words are inserted in the first of several covenants having the same object in view, they will be construed as extending to the subsequent covenants, although they are distinct, the conclusion was reached that the intention of the grantor was to give a special warranty. *Allemong* v. *Gray, supra,* and authorities there cited.

· The decree appealed from is affirmed.

*Affirmed.*