JOHN SHIMER, CHARLES R. SHIMER AND F. E. WALLACE, JR., v. EMANUEL TRAUB.

(Filed 19 September, 1956.)

**Deeds § 17—**

An action will not lie for breach of warranty of title to real estate, nor on a general warranty or covenant of quiet enjoyment until there has been an ouster under a superior title. Nor will an action lie for fraudulent misrepresentations on the ground of the grantor's knowledge of claim of title by a third person and failure to disclose such claim, since an action for fraud for misrepresentations in the sale of real estate must be collateral to the title.

JOHNSON, J., not sitting.

APPEAL by plaintiffs from *Bone, J.*, March Term, 1956, of LENOIR.

This is a civil action in which the plaintiffs seek to recover of the defendant the amount of the purchase price of the land referred to hereinafter, in the sum of $375.00, and $1,000.00 punitive damages.

According to the allegations of the complaint, on the 10th day of June 1955 the defendant and his wife conveyed to the plaintiffs a small parcel or lot of land in the City of Kinston. The deed, which has been duly registered, contains full covenants of (a) seizin and right to convey, (b) against encumbrance, and (c) general warranty.

It is alleged in the complaint that on or about the 13th day of June 1955 the plaintiffs employed a surveyor to go on the premises described in the deed and lay off a site for the erection of a building to be constructed thereon; that the surveyor was stopped by Charlie Kinsey and Viola Kinsey who were asserting superior title to said land and who were cultivating the same.

It is further alleged in the complaint that the defendant represented to the plaintiffs, by and through his agent, T. D. Smith, that the defendant had a good and marketable fee simple title to the premises involved herein; that the same were free and clear of all adverse claims when, as the plaintiffs are informed and believe, and upon such information and belief allege, the defendant had actual knowledge that the Kinseys claimed title to the lands described in the aforesaid deed.

It is also alleged in the complaint that no defect appears of record in the chain of title to said property into the defendant.

The defendant demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action in that it is not alleged that there has been an ouster of plaintiffs under a superior title. Demurrer sustained and the plaintiffs appeal, assigning error.

*William F. Simpson for appellants.*
*Sutton & Greene and James H. Brooks for appellee.*

DENNY, J. It is the law in this State that a cause of action for breach of warranty of title to real estate does not arise until there has been an ouster or eviction of the grantee or grantees under a superior title. *Sprinkle v. Reidsville,* 235 N.C. 140, 69 S.E. 2d 179; *Cedar Works v. Lumber Co.,* 161 N.C. 603, 77 S.E. 770; *Fishel v. Browning,* 145 N.C. 71, 58 S.E. 759; *Wiggins v. Pender,* 132 N.C. 628, 44 S.E. 362, 61 L.R.A. 772; *Ravenal v. Ingram,* 131 N.C. 549, 42 S.E. 967; *Griffin v. Thomas,* 128 N.C. 310, 38 S.E. 903. Therefore, since the complaint filed in this action does not allege an ouster or eviction of the grantees under a superior title, no cause of action for breach of warranty is stated therein.

The plaintiffs contend, however, that they have stated facts sufficient to constitute a cause of action for fraudulent misrepresentation. These allegations are to the effect that the defendant, acting through his agent, represented to the plaintiffs that he had a good and marketable fee simple title to the property described in the deed executed and delivered to the plaintiffs when, as a matter of fact, he knew of the claim of the Kinseys and knowingly withheld his knowledge thereof from the plaintiffs.

It is well settled by our decisions that a covenant of general warranty is confined to "all lawful claims and demands" and does not extend to

wrongful acts of strangers or tortious wrongdoers. The warranty is not broken until there is an eviction or ouster under a superior title. *Fishel v. Browning, supra.*

*Connor, J.,* in the last cited case, quoted with approval from Platt on Covenants, 3 Law Lib., 312, as follows: "A general covenant for quiet enjoyment was, in earlier times, holden to extend to tortious evictions or interruptions, but this doctrine was never fully acquiesced in; and a different rule is now established, so that at present, when we speak of a covenant providing against the acts of all men, it is to be understood of all men claiming by title, for the law will not adjudge that the wrongful acts of strangers are covenanted against. Hence, if one who has no right ousts or disseizes a purchaser, he shall not have an action against the vendor; the reason being that the law has already furnished the means of redress by giving the injured party an action of trespass against the wrongdoer."

Moreover, the Supreme Court of the United States, in considering the identical question now before us, in the case of *Andrus v. St. Louis Smelting & Ref. Co.,* 130 U.S. 643, 32 L. Ed. 1054, said: "False and fraudulent representations upon the sale of real property may undoubtedly be ground for an action for damages, when the representations relate to some matter collateral to the title of the property, and the right of possession which follows its acquisition, such as the location, quantity, quality, and condition of the land, the privileges connected with it, or the rents and profits derived therefrom. . . . Such representations by the vendor as to his having title to the premises sold may also be the ground of action where he is not in possession, and has neither color nor claim of title under any instrument purporting to convey the premises, or any judgment establishing his right to them. . . . But where the vendor, holding in good faith under an instrument purporting to transfer the premises to him, or under a judicial determination of a claim to them in his favor, executes a conveyance to the purchaser, with a warranty of title and a covenant for peaceable possession, his previous representations as to the validity of his title, or the right of possession which it gives, are regarded, however highly colored, as mere expressions of confidence in his title, and are merged in the warranty and covenant, which determined the extent of his liability."

There is no allegation in the plaintiffs' complaint that the defendant made any representations to them, through his agent or otherwise, that relate to any matter collateral to the title to the property. Therefore, in our opinion, the facts alleged in the complaint are not sufficient to constitute a cause of action for fraudulent misrepresentation, and we so hold.

The ruling of the court below is
Affirmed.

JOHNSON, J., not sitting.