JIMMIE D. SMITH v. PEOPLES BANK & TRUST COMPANY.

(Filed 3 May, 1961.)

**1. Deeds § 21—**

Recitations by the grantor as to its source of title are, considered in the light most favorable to the grantee, a covenant of seizin and not a covenant of warranty.

**2. Same: Deeds § 22—**

A covenant of seizin does not run with the land and is breached immediately when the deed is delivered if the grantor is not then seized of title according to his covenant; a covenant of warranty is prospective and is not breached until the grantee or his successors are ousted or evicted by the owner of a paramount title.

**3. Deeds § 21—**

Allegations that some thirteen years after the delivery of the deed and the taking of possession by the grantee thereunder, judgment was entered that a stranger owned a fee simple title to an undivided interest in the land, without allegation that the grantor was a party to the action, is insufficient to state a cause of action for breach of covenant of seizin, since such decree is not determinative that the grantor was not seized in fee as to the entire interest in the land at the time the deed was executed.

**4. Pleadings § 28—**

Plaintiff may not recover except upon the theory of the complaint.

**5. Pleadings § 19—**

Where the complaint is insufficient to state a cause of action upon the theory advanced therein, but does not make it affirmatively appear that plaintiff has no cause of action against defendant upon the predicate facts alleged, the action should not be dismissed upon demurrer prior to the expiration of time for motion for leave to amend.

Moore, J., concurs in result.

Appeal by plaintiff from *Mintz, J.,* November Term, 1960, of Edgecombe.

The hearing below was on demurrer to the amended complaint.

The amended complaint, summarized, alleges these facts:

By deed dated November 27, 1946, L. L. Raynor (unmarried), Lula Shearin Raynor (unmarried), and "Peoples Bank & Trust Company, a banking corporation organized under the laws of the State of North Carolina, with its principal office in Rocky Mount, North Carolina, as trustee (under the last Will and Testament of C. G. Shearin, deceased, which is duly probated in the office of the Clerk of the Superior Court of Nash County), for the estates created in said will, for Charles Brantley Lee Shearin and his children and, Cora Mae Shearin and her children," purported to convey to Jimmie D. Smith (plaintiff herein), his heirs and assigns, for the recited consideration of $12,950.00, a described tract of 44.5 acres in Stoney Creek Township, Nash County, North Carolina. The deed, in accordance with the recitals therein, was executed by said individual grantors and in the name of "PEOPLES BANK & TRUST COMPANY, TRUSTEE of the Estates of Charles Brantley Lee Shearin and Cora Mae Shearin," by the bank's president, attested by its assistant cashier, and its corporate seal was affixed.

Each of the individual grantors, L. L. Raynor and Lula Shearin Raynor, owned an undivided one-sixth interest in said land; and each, by the terms of said deed, fully warranted the title in respect of his (her) undivided one-sixth interest.

The deed contains this provision: "Grantor, Peoples Bank & Trust Company, Trustee, the owner of four-sixths undivided interest of the property hereby conveyed, acquired its title under the terms of the last will and testament of C. G. Shearin, deceased, which is duly probated in Nash County Registry, the said C. G. Shearin, deceased, having acquired a one-sixth interest under the Will of G. T. Shearin, a one-sixth interest from R. L. Shearin, by deed registered in Book 350, page 511, Nash County Registry (see also quit-claim deed from

R. L. Shearin to Peoples Bank & Trust Company, dated November 19, 1946, duly registered in Nash County Registry); a one-sixth interest from C. H. Shearin by deed registered in Book 446, page 315, and a one-sixth interest from S. H. Shearin, by deed registered in Book 477, page 244, Nash County Registry."

The deed, in the warranty clause, contains this provision: "The Peoples Bank & Trust Company, Trustee as aforesaid, covenants with the party of the second part, his heirs and assigns, that said premises are free and clear of any encumbrances made or suffered by it and that it will forever warrant and defend the title to the same against the lawful claims of all persons arising out of any act or deed by it in its capacity as trustee."

Upon delivery of said deed, plaintiff paid the purchase price of $12,-950.00 to the grantors and entered into possession of the land.

On August 24, 1959, Charles Lee Shearin and Cora Mae Shearin instituted in Nash County Superior Court a special proceeding for actual partition of said land. They asserted ownership of an undivided one-sixth interest. Plaintiff, upon service of summons upon him in said special proceeding, called on defendant "to defend said title pursuant to its warranty and representations in said deed and made to him at the time of sale." Although given an opportunity to do so, defendant "wholly failed and refused to assist in said proceeding, to provide the plaintiff with counsel, or to offer any assistance in the settlement of the controversy."

At December Term, 1959, judgment was entered in said special proceeding. It was adjudged that Charles Lee Shearin and Cora Mae Shearin were the owners of the undivided one-sixth interest in controversy, and were entitled to actual partition. Thereafter, plaintiff purchased said undivided one-sixth interest from the Shearins.

Plaintiff alleges "the warranties and representations contained in said deed were breached on the 10th day of December 1959, at the time a decree was entered in the Superior Court of Nash County, adjudging the plaintiff not to be the owner of said one-sixth (1/6) interest in said tract of land," and that "the said mistake of the defendant combined with the mistake of the plaintiff in relying upon the warranties and representations of the defendant in said deed" was a "mutual mistake" resulting in loss and expense by plaintiff.

Plaintiff's action is to recover (1) the sum of $2,158.33, one-sixth of said purchase price of $12,950.00, together with interest at 6% per annum from November 27, 1946, and (2) the sum of $800.00 expended by plaintiff as attorneys' fees in connection with his unsuccessful defense of said special proceeding, and (3) the sum of $2.50, the fee paid by plaintiff for recording the deed from the Shearins to plaintiff.

Defendant demurred, setting forth with particularity these grounds of objection: (1) The amended complaint does not state facts sufficient to constitute a cause of action and (2) the action is against defendant in its individual or corporate capacity and not in its capacity as trustee under the will of C. G. Shearin, deceased.

Judgment was entered sustaining the demurrer and dismissing plaintiff's action. Plaintiff appealed. "The ONLY EXCEPTION is to the signing of the Judgment."

*Fountain, Fountain, Bridgers & Horton for plaintiff, appellant.*
*Thorp, Spruill, Thorp, Trotter & Biggs for defendant, appellee.*

BOBBITT, J.   The deed of November 27, 1946, contains a representation that defendant in its capacity as trustee under the will of C. G. Shearin owns and conveys four undivided one-sixth interests in the land described therein. The source of C. G. Shearin's title to each undivided one-sixth interest is stated. The ownership of the undivided one-sixth interest referred to in the deed as having been acquired by C. G. Shearin "under the Will of G. T. Shearin," was in controversy in the Nash County special proceeding.

Presumably, the judgment in the Nash County special proceeding is based upon an interpretation of the will of G. T. Shearin. Plaintiff alleges he paid $800.00 in attorneys' fees in defense of his title. It may be fairly inferred that plaintiff then contended the deed of November 27, 1946, conveyed to him the undivided one-sixth interest in controversy. Plaintiff did not appeal from the adverse judgment. The complaint contains no allegations as to the provisions of the will of G. T. Shearin.

Plaintiff does not allege a breach of the special warranty in the deed. It is not alleged that defendant, either in its capacity as trustee or in its corporate capacity, encumbered the undivided one-sixth interest or committed any act or deed adversely affecting such interest. Moreover, the facts alleged are insufficient to state a cause of action in tort. According to plaintiff's allegations, both plaintiff and defendant acted in the belief that C. G. Shearin acquired an undivided one-sixth interest under the will of G. T. Shearin.

The gist of the cause of action alleged by plaintiff is that the representation as to ownership in said deed was breached "on the 10th day of December 1959," by the entry of the decree in the Nash County special proceeding.

Considered in the light most favorable to plaintiff, the representation as to ownership in said deed constitutes a covenant of seizin.

When so considered, plaintiff's cause of action, if any, for breach thereof, arose immediately upon delivery of said deed.

In *Cover v. McAden,* 183 N.C. 641, 112 S.E. 817, *Adams, J.,* explains clearly the distinction between a covenant of seizin and a covenant of warranty: "The former is a covenant *in praesenti,* or a covenant that a particular state of things exists when the dead is delivered— *juris et seisinae conjunctio*—and if it does not exist the delivery of the deed containing such a covenant causes an instant breach. A covenant of warranty is prospective. It is an agreement or assurance by the grantor of an estate that the grantee and his heirs and assigns shall enjoy it without interruption by virtue of a paramount title, or that they shall not by force of a paramount title be evicted from the land or deprived of its possession. (Citations) This distinction is further observable in the conditions or circumstances that usually characterize the breach of each covenant. If the grantor is not seized, or if an encumbrance exists, the covenant of seizin is broken immediately upon the execution of the deed; but generally speaking, a covenant of warranty, being prospective in its nature, is broken only by eviction, actual or constructive, under a paramount title existing at the time the conveyance is made. (Citations)"

"The covenant of seizin does not run with the land, and is broken when the deed is delivered, if the grantor does not own the lands according to his covenant, the right of action accrues at once to him, and to him alone. (Citations)" *Varser, J.,* in *New Bern v. Hinton,* 190 N.C. 108, 129 S.E. 181.

"The covenant of warranty and the covenant of quiet enjoyment are not strictly personal, like the covenant of seizin, which is broken when the deed is delivered if the title is defective, but they are prospective in their operation, and an ouster or eviction is necessary to constitute a breach. These covenants are, therefore, in the nature of real covenants and run with the land conveyed, and descend to the heirs and vest in assignees or purchasers. 4 Kent (13 Ed.), p. 471 (538) *et seq.*" *Walker, J.,* in *Wiggins v. Pender,* 132 N.C. 628, 636, 44 S.E. 362. Hence, as stated by *Denny, J.,* in *Shimer v. Traub,* 244 N.C. 466, 94 S.E. 2d 363: "It is the law in this State that a cause of action for breach of warranty of title to real estate does not arise until there has been an ouster or eviction of the grantee or grantees under a superior title. (Citations)"

Plaintiff bases his right to recover on the decree entered December 10, 1959, in the Nash County special proceeding. He relies on *Shuford v. Phillips,* 235 N.C. 387, 70 S.E. 2d 193, and decisions of like import. See *Culbreth v. Britt Corp.,* 231 N.C. 76, 56 S.E. 2d 15; *Cover v. McAden, supra; Jones v. Balsley,* 154 N.C. 61, 69 S.E. 827. In these

cases, the action was to recover for breach of *a covenant of warranty.* In such case, an adjudication that there was an outstanding paramount or superior title is binding on the covenantor, although not a party to the action, if the covenantor is given notice of the action and an opportunity to defend his title. But such prior adjudication is not prerequisite to or determinative of a covenantee's right to maintain an action for breach of a covenant of seizin.

As stated in his brief, "(p)laintiff entered into possession in 1946 and enjoyed possession until December 10, 1959, the date on which the Superior Court of Nash County ruled that Charles Lee Shearin and Cora Mae Shearin were the owners of a one-sixth (1/6) undivided interest in the land." When considered as a cause of action for breach of a covenant of seizin, plaintiff's cause of action, if any, arose when the deed was delivered, that is, on or about November 27, 1946. Plaintiff has failed to allege facts sufficient to show such covenant was then breached. He relies solely on the decree entered December 10, 1959, in the Nash County special proceeding. There is no allegation that defendant was a party to the Nash County special proceeding, either in its corporate capacity or in its capacity as trustee. The decree therein is not determinative of plaintiff's right to maintain a cause of acton for breach of the covenant of seizin.

On this appeal, whether plaintiff has a cause of action against defendant, either in its corporate capacity or in its capacity as trustee, for money had and received, or on other grounds, is not presented. "Plaintiff's recovery is to be had, if at all, on the theory of the complaint and not otherwise." *Suggs v. Braxton,* 227 N.C. 50, 40 S.E. 2d 470; *Manley v. News Co.,* 241 N.C. 455, 460, 85 S.E. 2d 672.

Since, in our view, the gist of the cause of action presently alleged is that the representation in said deed as to ownership was breached "on the 10th day of December 1959," by the entry of the decree in the Nash County special proceeding, the portion of the judgment sustaining the demurrer to the amended complaint is affirmed. However, the allegations of the amended complaint do not affirmatively disclose a defective cause of action, that is, that plaintiff has no cause of action against defendant. The demurrer should have been sustained without prejudice to plaintiff's right to move for leave to amend. *Skipper v. Cheatham,* 249 N.C. 706, 711, 107 S.E. 2d 625, and cases cited. Hence, the portion of the judgment dismissing the action is erroneous and should be stricken. It is so ordered. As so modified, the judgment is affirmed.

Modified and affirmed.

MOORE, J. concurs in result.