## CIRCUIT COURT OF WARREN COUNTY

Bach Tran

    v.

Katherine W. Hall et al.

June 22, 1994

Case No. (Law) 93-155

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the demurrer of the defendants Stratton to the plaintiff's motion for judgment for breach of the general warranty and title covenants contained in a deed which the Strattons gave to the plaintiff's predecessor in title. I have reviewed the authorities which you have submitted, and I have denied the Strattons' demurrer.

### I. *Statement of Material Facts*

The following material facts appear in the motion for judgment.

On July 7, 1986, the defendants Stratton conveyed the subject property by general warranty deed with "English covenants of title" to defendants Hall, the plaintiff's predecessor in title.

On August 8, 1989, plaintiff was conveyed the subject property from the defendants Hall.

The plaintiff claims that neither Hall nor Stratton at the time of the execution of their deeds had good title to a portion of the property purportedly conveyed, because "the John Wesley Methodist Church had its building for a period in excess of fifteen years . . ." on a portion of the land purportedly conveyed, and "that by reason of the same, the plaintiff was ousted and dispossessed by the said land owner by due process of law."

The defendants Stratton have demurred to the motion for judgment on the ground that, assuming that the Methodist Church has paramount title to a portion of the property as alleged, that this would be a breach of the covenant of seisin, which is breached when made and which may not be enforced by a remote grantee such as the plaintiff.

## II. *Conclusions of Law*

Virginia Code § 55-70 states that:

> The words "with general warranty," in the granting part of any deed, shall be deemed to be a covenant by the grantor "that he will warrant generally the property hereby conveyed." The words "with special warranty," in the granting part of any deed, shall be deemed to be a covenant by the grantor "that he will warrant specially the property hereby conveyed."

> The words "with English covenants of title" or words of similar import, in the granting part of any deed shall be deemed to be an expression by the grantor of those covenants set out in §§ 55-71 through 55-74, inclusive, and in addition thereto the covenant that he is seised in fee simple of the property conveyed.

Virginia Code sections 55-71 through 55-74 expressly define the covenants of the right to convey, for quiet possession and free from encumbrance, for further assurances, and of no act to encumber, which are the traditional English covenants of title.

Of particular importance in this case is Virginia Code § 55-68 which provides that:

> A covenant by the grantor of any deed, "that he will warrant generally the property hereby conveyed," shall have the same effect as if the grantor had covenanted that he, his heirs and personal representatives *will forever warrant and defend such property unto the grantee,* his heirs, personal representatives and *assigns,* against the claims and demands of all persons whomsoever [emphasis added].

"The covenant of warranty is a future covenant. A breach will occur when and only when the grantee suffers an eviction under a paramount title. The eviction may be actual or constructive." A. Gaudio, *American Law of Real Property* (Matthew Bender 1993) § 2206[1][d]. It is not necessary that an

actual eviction occur in order to bring an action for breach of the general warranty of title. Minor, *The Law of Real Property* (2d ed.) § 1055.

While it may be true that the covenant of seisin may be breached when made, it is also true that the covenant for future assurances is a future covenant and, when called upon by a remote grantee, an individual giving a covenant for future assurances must, "upon any reasonable request, at the charge of the grantee, his heirs or assigns, do, execute or cause to be done or executed all such further acts . . . for the better, more perfectly and absolutely conveying and assuring the said lands and premises thereby conveyed or intended so to be unto the grantee, his heirs and assigns . . . ." Virginia Code § 55-73. This covenant for further assurances runs with the land and may be enforced by remote grantees. *See generally* A. Gaudio, *American Law of Real Property* (Matthew Bender 1993) § 2206[2][f].

In this case a question may exist as to whether or not the plaintiffs as remote grantees may sue the Strattons for breach of the covenant of seisin because it was breached when made, and, if broken would not run with the land, which is the defendant Stratton's position, *see generally*, Minor, *The Law of Real Property* (2d ed.) § 1056, but it is clear that the plaintiff may sue the remote grantor for breach of the covenant for further assurances, which is prospective in operation and is breached when there is an eviction, whether actual or constructive. *See American Law of Real Property*, *supra*, § 22.06[2][f]. "The effect of such a covenant [for further assurances] is that the grantor binds himself and his heirs to make all further assurances of the land as shall be lawfully and reasonably required by the grantee or his heirs . . . a covenant for further assurance is prospective in character, runs with the land conveyed, and is not broken until eviction." 20 Am. Jur. 2d, *Covenants, Conditions, Etc.*, § 108. "Since a covenant of further assurance, like covenants of warranty and of quiet enjoyment, operates prospectively, a right of action, at least to recover substantial damages, arises only on disturbance or eviction, actual or constructive . . . ." 20 Am. Jur. 2d, *Covenants, Conditions, Etc.*, § 109. "In regard to such covenants (running with the land), all grantors, back to and including the original grantor-covenantor become liable upon the breach thereof to the assignee or grantee in possession or entitled to possession at the time, and the latter may sue the original or remote grantor, regardless of whether he has taken from his immediate grantor with warranty." 20 Am. Jur. 2d, *Covenants, Conditions, Etc.*, § 119. "In the case of covenants of title which run with the land, the grantee in possession . . . at the time of the

breach may sue either his immediate grantor or the remote grantor; the first grantor and all immediate grantors are liable to respond to the evicted grantee until he has received satisfaction." 20 Am. Jur. 2d, *Covenants, Conditions, Etc.*, § 25.

## III. *Decision*

For the foregoing reasons, the demurrer of the defendant Stratton is denied.