## CIRCUIT COURT OF FAIRFAX COUNTY

Frank Nikzad

v.

P & H Investments, Inc.

March 17, 1995

Case No. (Law) 133596

By Judge Robert W. Wooldridge, Jr.

This matter comes before the Court on the Demurrer of Defendant P & H Investments, Inc., to the Plaintiff's First Amended Motion for Judgment. For the reasons stated below, the Demurrer is sustained in part and overruled in part.

The Plaintiff is a commercial tenant of the Defendant. The Plaintiff leased from the Defendant a store within a strip mall and began to operate a retail carpet store called International Carpet and Rug. Within the same strip mall, the Defendant leases space to Carpet Queen, a competitor carpet store. The lease signed by the Plaintiff states that the tenant shall not place signs in the windows or use the sidewalk to display merchandise without the landlord's written approval. The Plaintiff alleges in the Amended Motion for Judgment that the Defendant allows every other store, including Carpet Queen, to place signs in the window and merchandise on the sidewalk but does not allow the Plaintiff's store to do so; that the Defendant has filed an unlawful detainer action in General District Court to remove the Plaintiff, on the basis that the Plaintiff violated the lease by placing signs in the window and displaying merchandise on the sidewalk; and that the Defendant and its agents have screamed at the Plaintiff and his employees and threatened to throw the Plaintiff's merchandise into the street, which has resulted in loss of sales and threatened Plaintiff's future business.

In an order entered on December 16, 1994, the Court sustained in part the Defendant's demurrer to the original Motion for Judgment. The

Amended Motion for Judgment alleges Intentional Infliction of Emotional Distress, Breach of Warranty of Quiet Enjoyment, Breach of Contract, and Intentional Interference with Contract/Economic Advantage. In a hearing on March 3, 1995, the Court granted leave to amend the original Motion for Judgment to add the Plaintiff's claims for Breach of Contract and Intentional Interference with Contract/Economic Advantage. On that same date, the Court sustained the Defendant's Demurrer without leave to amend as to the Plaintiff's claim for Intentional Infliction of Emotional Distress on the grounds that the Plaintiff did not allege sufficient emotional distress as required by *Russo v. White,* 241 Va. 23, 28 (1991). The Court sustained the Demurrer to the claim of Breach of Contract on the grounds that the unambiguous terms of the lease demonstrate that no breach has been alleged. The Court sustained the Demurrer to the claim of Intentional Interference with Contract/Economic Advantage on the grounds that such claim may only be brought against a stranger, not against a party to the contract. *Chaves v. Johnson,* 230 Va. 112, 120 (1985). The Court took under advisement the Defendant's Demurrer to the Plaintiff's claim for Breach of Warranty of Quiet Enjoyment.

The Defendant demurs on the ground that breach of the warranty of quiet enjoyment requires actual or constructive eviction, which the Plaintiff has failed to allege. The Court finds that breach of the warranty of quiet enjoyment in Virginia does not require a showing of actual or constructive eviction. A landlord's covenant for quiet enjoyment warrants that a tenant who is paying rent and performing his covenants "shall peaceably possess and enjoy the demised premises, for the term granted, without any interruption or disturbance from any person whatever." Va. Code Ann. § 55-78 (Michie 1950). That protects the tenant from disturbance of his possession and enjoyment of the premises by anyone rightfully claiming through or under the landlord. *Hannan v. Dusch,* 154 Va. 356, 361 (1930). Certainly it includes protection of the tenant against the landlord itself. The Plaintiff alleges that the Defendant and its agents have intimidated him and his employees by yelling and screaming at them in an effort to provoke a physical confrontation and to induce the Plaintiff to vacate. He asserts that Defendant's employees have threatened to throw his merchandise into the street. Plaintiff alleges that as a result, he has lost sales and his business has been threatened. Taking these facts as true, the Court cannot find that, as a matter of law, the Defendant's alleged harassment may not constitute a breach of the warranty of quiet enjoyment. This ground of the Demurrer is overruled.