**Wiley Vick FISHER, Jr., John White Fisher, Harmon T. Tomlinson, Jr., and Linda Tomlinson, for themselves and on behalf of all others similarly situated, Plaintiffs,**

**v.**

**VIRGINIA ELECTRIC AND POWER COMPANY and Dominion Telecom, Inc., Defendants.**

**No. CIV.A. 302CV431.**

United States District Court, E.D. Virginia, Richmond Division.

April 22, 2003.

Individuals' Identifiable Health Information,

Stephen E. Baril, Esquire, A. Peter Brodell, Esquire, Samuel W. Hixon, III, Esquire, Williams Mullen P.C., Richmond, VA, Nels Ackerson, Esquire, Elaine A.

45 C.F.R. § 160.

Panagakos, Esquire, Kathleen C. Kaufman, Esquire, The Ackerson Group Chartered, Washington, DC, Randall B. Pridgen, Esquire, Battle, Winslow, Scott & Riley, P.A., Rocky Mount, NC, for Plaintiffs.

Stephen A. Northup, Esquire, Matthew B. Kirsner, Esquire, Troutman Sanders LLP, Richmond, VA, Charles A. Zdebeski, Esquire, Troutman Sanders LLP, Washington, DC, Thomas E. Spahn, Esquire, Robert L. Hodges, Esquire, McGuire-Woods, LLP, George W. Marget, III, Esquire, John D. Sharer, Esquire, Dominion Resources Services, Inc., Richmond, VA, for Defendants.

## MEMORANDUM OPINION

PAYNE, District Judge.

Plaintiffs, Wiley Fisher, Jr., John Fisher, Harmon Tomlinson, Jr. and Linda Tomlinson ("Plaintiffs"), filed an Amended Complaint against the Defendants, Virginia Electric and Power Company ("VEPCO") and its affiliated company, Dominion Telecom, Inc. ("Telecom"), seeking: (1) a declaratory judgment respecting the meaning of certain grants of easement burdening lands that Plaintiffs own in Virginia and North Carolina (Count I); (2) compensatory damages for continuing trespass on that land, alleged to be the consequence of the Defendants' conduct in using the easements for purposes that the granting documents do not permit (Count II); (3) an accounting for, and the disgorgement of, the alleged unjust enrichment which the Defendants have secured by exceeding the scope of the granting documents (Count III).

Each of the granting documents at issue contains language substantively identical to the following:

The Owner covenants that he or she has the right to convey the said easement; that the Company shall have quiet and peaceable possession, use and enjoyment of the said easement, and that the Owner will execute such further assurances of the said easement as may be requisite.

(Amended Complaint Exs. A & B). Thus, the easements each contain a covenant of quiet possession[1] and a covenant of further assurances.

In its Counterclaim, VEPCO alleges that the Plaintiffs breached the covenants of quiet possession by filing this action. In essence, VEPCO argues that, as a consequence of their efforts to require VEPCO to abide by the express terms of the granting documents, the Plaintiffs have breached the covenant of quiet possession and, for doing so, must pay the attorney's fees and costs that VEPCO incurs in defending this action. VEPCO also seeks an injunction requiring the Plaintiffs to provide "further assurances" of the easement grants, pursuant to Va.Code § 55–73, as necessary to confirm VEPCO's rights to hold and enjoy the subject lands free from any interruption, claim or demand by anyone.

On January 16, 2003, the Plaintiffs filed a Motion To Dismiss Defendant's Counterclaim, pursuant to Fed.R.Civ.P. 12(b)(6), on three separate grounds. First, the Plaintiffs point out that VEPCO has failed to allege an actual or constructive eviction, which the Plaintiffs assert is essential to any claim for a breach of the covenant of quiet possession. Second, the Plaintiffs argue that, as a matter of law, their good faith claims seeking an interpretation of the easement grants cannot constitute a breach of the covenant of quiet possession.

---

1. The covenant of quiet possession is synonymous with the covenant of quiet enjoyment.

*See* 5A Michie's Jur., Covenants § 36 (2002).

Finally, the Plaintiffs contend that, even if VEPCO could prove a breach of the covenant of quiet possession, an award of attorney's fees is not a proper remedy for such a breach.

## ANALYSIS

To resolve the motion to dismiss, it is first necessary to reflect on the standard of review for assessing motions brought under Fed.R.Civ.P. 12(b)(6), then to resolve any conflict of laws issues, and thereafter to examine the nature of the covenant of quiet possession. When those legal principles are fixed, the sufficiency of VEPCO's counterclaim may be addressed.

### I. Standard of Review Under Fed. R.Civ.P. 12(b)(6)

The Plaintiffs move to dismiss VEPCO's counterclaim pursuant to Fed.R.Civ.P. 12(b)(6). It is a first principle that, "[i]n considering a motion to dismiss a [counterclaim] for its 'fail [ure] to state a claim upon which relief can be granted,' a court must construe the [counterclaim] in the light most favorable to the [claimant], read the [counterclaim] as a whole, and take the facts asserted therein as true." *Storey v. Patient First Corp.,* 207 F.Supp.2d 431, 439–40 (E.D.Va.2002) (quoting Fed. R.Civ.P. 12(b) (6)).

Because Rule 12(b)(6) motions test the legal sufficiency of a claim as it is plead, they should be granted only in very limited circumstances. *Jetform Corp. v. Unisys Corp.,* 11 F.Supp.2d 788 (E.D.Va.1998). Indeed, a court should deny such a motion unless "it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted). In sum, "all reasonable inferences must be made in favor of the nonmoving party, and 'a [counterclaim] should be dismissed only where it appears beyond a reasonable doubt that recovery would be impossible under any set of facts which could be proven.'" *Storey,* 207 F.Supp.2d at 440 (quoting *America Online, Inc. v. GreatDeals.Net,* 49 F.Supp.2d 851, 854 (E.D.Va.1999)).

These precepts govern the ensuing assessment of the motion to dismiss VEPCO's counterclaim.

### II. Applicable Law

■ Exhibits A, B, and C to the Amended Complaint (the "Fisher Deeds") concern land situated in Nash County, North Carolina. Exhibits D and E, (the "Tomlinson Deeds") concern land situated in Greensville County, Virginia. Thus, a question arises respecting which state's law to apply when interpreting the covenants that the deeds contain. Neither party has addressed that point. Instead, the parties alternatively pick and choose from North Carolina and Virginia law to the extent that they consider it to support their respective arguments. Hence, it is necessary that the Court address that issue *sua sponte.*

To begin, it is axiomatic that, when sitting in diversity jurisdiction, federal courts must apply state substantive law as announced by the state's highest court. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under the rule in *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), a federal court sitting in Virginia and exercising diversity jurisdiction applies Virginia's choice of law rules.

Although the parties have relied principally on Virginia statutes and caselaw, in actions respecting real estate contracts relating to land situated in North Carolina, the courts of Virginia would not be so inclined:

Regarding the substantive issues ... the *lex loci rei sitae* governs contracts

relating to real estate and the rights of the parties thereto, as well as the nature and extent of the interest therein. *Burtners v. Keran,* 65 Va. (24 Gratt.) 42, (1873). This reflects the principle that real estate is exclusively subject to the laws of the state in which it is located. *Hotchkiss v. Middlekauf,* 96 Va. 649, 655, 32 S.E. 36 (1899).

*Va. Elec. & Power Co. v. Norfolk S. Ry. Co.,* 2002 Va. Cir. LEXIS 80 (2002). Therefore, to the extent that Virginia and North Carolina law conflict on the topic of the covenant of quiet possession, Virginia law is applicable to the Tomlinson Deeds and North Carolina law is applicable to the Fisher Deeds.

### III. The Covenant of Quiet Possession

#### A. Relationship To Covenant Of Warranty

In their briefs, the Plaintiffs argue that the covenant of general warranty and the covenant of quiet possession are essentially identical and, therefore, they rely on a number of decisions respecting the covenant of general warranty to support their position that a claim for breach of the covenant of quiet possession cannot proceed absent an actual or constructive eviction by one with paramount title. At oral argument, however, the Plaintiffs conceded that Virginia law treats the two covenants differently, at least with respect to any requirement that the covenantor indemnify the covenantee against claims and demands to the property conveyed. To fully ascertain the contours of the covenant of quiet possession, it is first necessary to determine whether, as most leading commentators attest,[2] the covenant of quiet possession is essentially identical to the covenant of warranty in North Carolina and Virginia, at least with respect to the

requirement that, as a prerequisite to a claim for breach of the covenant, the covenantee must have been constructively or actually evicted by someone with paramount title.

#### 1. North Carolina

■ The Supreme Court of North Carolina early adopted the view that the covenant of quiet enjoyment is substantially encompassed by the covenant of warranty. *See Fishel v. Browning,* 145 N.C. 71, 78–79, 58 S.E. 759 (1907) ("General warranty is, under our decisions, a covenant for quiet enjoyment."). The Plaintiffs assert, correctly, that the North Carolina courts have continued this practice at least with respect to the requirement for an actual or constructive eviction by one with superior title. *Shimer v. Traub,* 244 N.C. 466, 467–68, 94 S.E.2d 363 (1956); *Guy v. First Carolinas Joint Stock Land Bank,* 202 N.C. 803, 804, 164 S.E. 323 (1932) (using precedent respecting the covenant of warranty in order to resolve a dispute respecting the covenant of quiet possession); *Cover v. McAden,* 183 N.C. 641, 644, 112 S.E. 817 (1922). VEPCO does not challenge this assertion. (Defs. Opp. Mot. Dismiss p. 8) (stating that the Plaintiffs's argument that a covenant of warranty is equivalent to the covenant of quiet possession may be true in North Carolina, but arguing that it is not true in Virginia).

#### 2. Virginia

■ VEPCO argues that, in Virginia, the covenant of quiet possession is not equivalent to the covenant of warranty because those terms are "defined" in separate sections of the Virginia code. (Defs. Opp. Mot. Dismiss p. 8). Chapter 4 of Title 55 of the Virginia Code governs the

---

**2.** *See* 5A Michie's Jur., Covenants § 31; 14 Richard R. Powell, Powell on Real Property § 81A.06[2][e] (2000); 4 Tiffany, The Law of Real Property § 1010 (3d ed.1975); 20 Am. Jur.2d, Covenants, etc. §§ 49, 90 (1995).

"form and effect of deeds and covenants" and Article 3 of that Chapter describes the "effect of certain expressions in deeds and leases." Although these provisions set forth the effect of certain deed language, they do not expressly purport to supersede the common law as to these centuries old covenants. Article 3, Section 55–72 relates to both the covenant of quiet possession and the covenant against encumbrances and provides:

> § 55–72. For "quiet possession" and "free from encumbrances."
>
> A covenant by any such grantor "that the grantee shall have quiet possession of the said land" shall have as much effect as if he covenanted that the grantee, his heirs and assigns might, at any and all times thereafter, peaceably and quietly enter upon and have, hold and enjoy the land conveyed by the deed, or intended so to be, with all the buildings thereon and the privileges and appurtenances thereto belonging, and receive and take the rents and profits thereof, to and for his and their use and benefit, without any eviction, interruption, suit, claim or demand whatever. If to such covenant there be added "free from all encumbrances," these words shall have as much effect as the words "and that freely and absolutely acquitted, exonerated and forever discharged, or otherwise by the said grantor or his heirs saved harmless and indemnified of, from and against any and every charge and encumbrance whatever."

Va.Code § 55–72 (2002).

Section 55–68 relates to the covenant of general warranty and provides:

> § 55–68. Effect of covenant of general warranty
>
> A covenant by the grantor in a deed, "that he will warrant generally the property hereby conveyed," shall have the same effect as if the grantor had covenanted that he, his heirs and personal representatives will forever warrant and defend such property unto the grantee, his heirs, personal representatives and assigns, against the claims and demands of all persons whomsoever.

Va.Code § 55–68 (2002).

Thus, in the Virginia Code, two separate statutory sections relate to the two covenants at issue, and it appears that this was also the case in predecessor statutes enacted as early as 1904. *See Woodson v. Smith*, 128 Va. 652, 655, 104 S.E. 794 (1920) (finding that a deed containing language "that the grantee ... shall have quiet and peaceable possession thereof free from all encumbrances ... contained covenants which, by statute in Virginia (Code *1904*, sec. 2450; Code *1919*, sec. 5175), meant that the grantee 'might at any and all times thereafter, peaceably and quietly enter upon and have, hold, and enjoy the land conveyed by the deed ...,' " precisely tracking the statutory language as it exists today) (emphasis added).

Although it is clear that the Virginia Code treats a covenant of warranty as a general indemnification clause unlike a covenant of quiet possession, the Virginia Code does not appear to abrogate the common law practice of treating both covenants as requiring, for their breach, an actual or constructive eviction by one with paramount title. For decades before such enactments, the Supreme Court of the United States and the courts of Virginia, applying the common law, treated the two covenants as virtually identical in legal effect. *Duvall v. Craig*, 15 U.S. 45, 60 n. 3, 2 Wheat. 45, 4 L.Ed. 180 (1817); *Campbell v. Watkins' Ex'rs*, 105 Va. 824, 827, 54 S.E. 989 (1906) (treating a covenant in a deed that the grantee "shall have quiet possession of the land and premises hereby conveyed, with covenants of special warranty," as coextensive with a special warranty); *Jones v. Richmond*, 88 Va. 231,

233–34, 13 S.E. 414 (1891); *Sheffey's Ex'r v. Gardiner,* 79 Va. 313, 318 (1884) (analyzing the two covenants as if they were the same, at least with respect to the requirement for an actual or constructive eviction by one with superior title).

Under Virginia's rules of statutory construction, Article 3 is presumed not to alter this common law practice. " 'The common law is not to be considered as altered or changed by statute unless the legislative intent be plainly manifested.' " *Hyman v. Glover,* 232 Va. 140, 143, 348 S.E.2d 269 (1986) (quoting *Hannabass v. Ryan,* 164 Va. 519, 525, 180 S.E. 416 (1935)). " 'Statutes in derogation of the common law are to be strictly construed and not to be enlarged in their operation by construction beyond their express terms.' " *Id.* (quoting *C. & O. Railway v. Kinzer,* 206 Va. 175, 181, 142 S.E.2d 514 (1965)).

In a case of more recent vintage, the Circuit Court for the City of Richmond has continued the common law practice. In *Moore v. Ladd Furniture,* 22 Va. Cir. 249 (Va. Cir. Ct.1990) (Richmond), the Circuit Court characterized the covenant of quiet possession thus:

> The covenant of quiet possession guarantees that the covenantee will not be disturbed as a result of any claim arising from the covenantor or any predecessor in title. *Va.Code § 55–72.* If plaintiffs rely on the covenant of quiet possession, their reliance is misplaced. Although it is a future covenant, breach is premised on actual or constructive eviction. *Tull v. Fleming Bros. Lumber Mfg. Co.,* 189 Va. 171, 52 S.E.2d 150, 155 (1949). Constructive eviction occurs when actual possession of the property is in a third party with paramount title on the date of conveyance. *Id.* Plaintiffs claim neither actual nor constructive eviction which might affect the covenants of title.

22 Va. Cir. at 254 (emphasis added). The Circuit Court cited both Section 55–72, which VEPCO relies on, and *Tull v. Fleming Bros.,* a 1949 Supreme Court of Virginia decision respecting a contract for the sale of timber rights that contained a covenant of warranty, not a covenant of quiet possession. The Circuit Court also accorded the covenant of quiet possession the same legal effect as the Supreme Court of Virginia had accorded the covenant of warranty in *Tull. See Tull,* 189 Va. at 181, 52 S.E.2d 150 (quoting, with approval, language in *Jones, supra,* that equated the two covenants).

These decisions teach that Virginia maintains the common law view that the two covenants are functional and legal equivalents, at least with respect to the requirement of an actual or constructive eviction by one with paramount title. Therefore, VEPCO's invitation to do otherwise must be declined because:

> When, as here, there is controlling state authority, federal courts sitting in diversity "rule upon state law as it exists and do not surmise or suggest its expansion." *Burris Chemical, Inc. v. USX Corp.,* 10 F.3d 243, 247 (4th Cir.1993). Federal courts should "apply state law" and decline invitations to "participate in an effort to change it."

*Beazer Homes Corp. v. VMIF/Anden Southbridge Venture,* 235 F.Supp.2d 485 (E.D.Va.2002).

### 3. Conclusion

Although the Virginia Code is clear that the two covenants are not equivalent for all purposes, where appropriate, the contours of the covenant of quiet possession will be ascertained by reference to common law precedent respecting that covenant as well as to precedent respecting the covenant of warranty, as the leading commentators recommend and as has been the

practice in the Virginia and North Carolina courts for nearly two centuries.

## B. The Actual Or Constructive Eviction Requirement

In support of their motion to dismiss, the Plaintiffs argue that VEPCO does not state a claim for a breach of the covenant of quiet possession because breach of that covenant does not occur unless the covenantee first suffers an actual or constructive eviction. Most of the leading treatises support the Plaintiffs's view,[3] as does the Supreme Court of the United States. *Duvall*, 15 U.S. at 62 n. 3, 2 Wheat. 45 ("[For] the covenant for quiet enjoyment . . . it is necessary to set forth . . . an actual eviction or disturbance of the possession of the grantee. The covenant of general warranty is governed by the same rules . . . the grantee must assign as breach an ouster or eviction."). Nevertheless, an examination of Virginia and North Carolina law on the topic is in order.

### 1. North Carolina

Whether or not the covenants of warranty and quiet possession are equivalent under North Carolina law, the Supreme Court of North Carolina has held that both covenants are broken only by an actual or constructive eviction. *Shimer*, 244 N.C. at 467–68, 94 S.E.2d 363 ("It is the law in [North Carolina] that a cause of action for breach of warranty of title to real estate does not arise until there has been an ouster or eviction of the grantee or grantees under a superior title."); *Guy*, 202 N.C. at 804, 164 S.E. 323 ("The covenant of warranty and the covenant of quiet enjoyment . . . are prospective in their operation and an ouster or eviction is necessary to constitute a breach."); *Lockhart v. Parker*, 189 N.C. 138, 143, 126 S.E. 313 (1925) (holding that the grantee cannot recover unless there has been an eviction under a lawful claim and stating that " 'A covenant of warranty is prospective in its nature and is broken only by an eviction under a paramount title existing at the time of the conveyance, or what in contemplation of law is equivalent to an eviction' ") (quoting *Morgan v. Haley*, 107 Va. 331, 58 S.E. 564 (1907)); *Cover*, 183 N.C. 641, 644, 646–47, 112 S.E. 817 ("A covenant of warranty is prospective. It is an agreement or assurance by the grantor of an estate that the grantee and his heirs and assigns shall enjoy it without interruption by virtue of a paramount title, or that they shall not by force of a paramount title be evicted from the land or deprived of its possession . . . There must be an eviction, actual or constructive, but not necessarily under legal process . . . In other words, to warrant recovery there must be some hostile assertion of the adverse title.").

### 2. Virginia

It has ever been the law of Virginia that a breach of the covenant of warranty, and likewise the covenant of quiet possession, is predicated on an eviction, actual or constructive.[4] *Morgan*, 107 Va. 331, 334, 58 S.E. 564 ("It is always necessary, in order to maintain an action for the breach of the covenant of warranty, that there shall be an eviction, and generally there must be

---

**3.** See 5A Michie's, Covenants §§ 30, 36; 4 Powell on Real Property § 81A.06[2][e]; 20 Am.Jur.2d, Covenants, etc. § 91.

**4.** The exception, inapplicable here, is when the covenantee, upon arrival, finds the land already occupied by another with paramount title. *Marbury*, 82 Va. at 704, 1 S.E. 909. The rationale for the exception is that the law will not compel the covenantee to commit a trespass in order to establish a lawful right in another action. *Sheffey's Ex'r v. Gardiner*, 79 Va. 313, 318 (1884); *Fishel*, 145 N.C. at 76, 58 S.E. 759. Indeed, in some cases this scenario has been treated, not as an exception, but as a particular class of constructive eviction. *Tull*, 189 Va. at 181–82, 52 S.E.2d 150.

an actual eviction; but sometimes a constructive eviction is sufficient."); *Jones*, 88 Va. at 235, 13 S.E. 414 (sustaining demurrer to action for breach of covenants of warranty and quiet possession where the declaration did not allege an eviction); *Marbury v. Thornton*, 82 Va. 702, 704, 1 S.E. 909 (1886) ("it is ... well settled that to constitute breach of [the covenant of warranty] there must be an eviction."). VEPCO essentially argues that, at least with respect to the covenant of quiet possession, Section 55–72 has abrogated this common law requirement. This argument fails for two reasons.

First, as earlier explained, a statute does not alter or change the common law unless the legislative intent is plainly manifested and courts must construe strictly statutes in derogation of the common law, eschewing any attempt to enlarge the operation of such statutes by construing them beyond their express terms. *Hyman*, 232 Va. at 143, 348 S.E.2d 269. According to the plain language of Section 55–72, a deed including a covenant of quiet enjoyment entitles the covenantee to peaceful enjoyment of the land free, not only from eviction, but also from any "interruption, suit, claim or demand whatever." Va.Code. § 55–72. But the meaning of this language "takes color and expression from the purport of the entire phrase of which it is a part, and it must be read in harmony with its context." *Turner v. Commonwealth*, 226 Va. 456, 460, 309 S.E.2d 337 (1983). In addition, " 'a statute is not to be construed by singling out a particular phrase.' " *Va. Elec. & Power Co. v. Bd. of County Supervisors*, 226 Va. 382, 387–88, 309 S.E.2d 308 (1983) (quoting *Va. Elec. & Power Co. v. Citizens for Safe Power*, 222 Va. 866, 869, 284 S.E.2d 613 (1981)). Thus, the general language describing actions which may breach the covenant must be read in conjunction and in harmony with the specific rights that the covenant accords. When this is done, it is clear that the statute envisions a breach of the covenant only by a "suit, claim or demand" that interferes with the covenantee's right to "enter upon and have, hold and enjoy the land" and "receive and take the rents and profits thereof," which, in essence, is a constructive eviction. Therefore, the statute is consistent with the common law rule that the covenant of quiet possession requires an actual or constructive eviction for its breach.

Second, Section 55–72, notwithstanding, the Virginia courts have continued to adhere to the common law requirement for an actual or constructive eviction. *Tull*, 189 Va. at 181–82, 52 S.E.2d 150; *Tran v. Hall*, 34 Va. Cir. 157, 158 (Va. Cir. Ct.1994) (Warren County); *Moore*, 22 Va. Cir. at 254. As earlier explained, a federal court's duty is not to question Virginia's adherence to that rule, but to follow it. *Beazer Homes*, 235 F.Supp.2d at 492 n. 6.

VEPCO cites two recent Virginia decisions that, according to VEPCO, support the position that an eviction is not a prerequisite to a claim for breach of the covenant of quiet possession. However, neither decision has the import that VEPCO suggests. In the first, *Adams v. Seymour*, 191 Va. 372, 61 S.E.2d 23 (1950), the Supreme Court of Virginia held that the existence of an outstanding timber deed breached "the covenant of quiet possession *free from encumbrances." Id.* at 379, 61 S.E.2d 23 (emphasis added). The covenant in *Adams* invoked the "free from encumbrances" clause of Section 55–72, which provides:

If to such covenant there be added "free from all encumbrances," these words shall have as much effect as the words "and that freely and absolutely acquitted, exonerated and forever discharged, or otherwise by the said grantor or his heirs saved harmless and indemnified of,

from and against any and every charge and encumbrance whatever."
Va.Code. § 55–72. Essentially, that language creates a covenant against encumbrances, which does not require an eviction for its breach. There is no such language in the easement grants here at issue, and, therefore, the decision and reasoning in *Adams* is inapposite in this action.

In the second decision, *Nikzad v. P & H Investments, Inc.*, 36 Va. Cir. 132 (Va. Cir. Ct.1995) (Fairfax), the Circuit Court, addressing a lease dispute between a tenant and a landlord, determined that a "warranty of quiet enjoyment" in a lease "does not require a showing of actual or constructive eviction." *Id.* at 133. The Circuit Court based its holding, not on Section 55–72, but rather on its interpretation of Va.Code. § 55–78, which describes the effect of a "Covenant 'for lessee's quiet enjoyment.'" A decision that relies on an entirely different statutory provision, in the context of a landlord-tenant dispute, is not sufficient to overcome precedent from the Supreme Court of Virginia and nearly two centuries of common law.

### 3. Conclusion

The courts of Virginia and North Carolina continue to adhere to the common law rule that a breach of the covenant of quiet possession requires a showing of constructive or actual eviction. Therefore, VEPCO must allege a constructive or actual eviction from the subject easements in order to state a claim for breach of the covenant of quiet possession.

### C. Attorney's Fees As Damages For Breach Of The Covenant

### 1. North Carolina

■ In North Carolina, it is "generally settled that a plaintiff cannot recover in an action for a breach of covenant for quiet enjoyment without showing an eviction from the possession under paramount title, and the measure of damages in such cases is the price paid for the land, with interest." *Pridgen v. Long*, 177 N.C. 189, 194–95, 98 S.E. 451 (1919); *see also Williams v. Beeman*, 13 N.C. 483 (1830) ("In actions between the vendee and his immediate vendor, upon the covenant for quiet enjoyment, it is the settled law of this State, that the value of the lands, at the time of the sale, shall be the measure of the damages."). There being no mention of attorney's fees or costs as reasonable damages, the law is that they are not recoverable in actions of the sort here at issue.

The Supreme Court of North Carolina, however, has held that attorney's fees incurred in a previous action defending title against a third party are allowable as damages for a breach of a covenant to "warrant and defend" title. *Jones v. Balsley*, 154 N.C. 61, 66–67, 69 S.E. 827 (1910); *Wiggins v. Pender*, 132 N.C. 628, 640–42, 44 S.E. 362 (1903). The underlying rationale for that result was that, if the covenantor had notice of the third party litigation, it had every opportunity to avoid liability on the covenant by undertaking to defend the covenantee's title in the previous action, just as it covenanted to do. *Id.* Thus, like Virginia, North Carolina treats the covenant of warranty as an indemnity clause, unlike the covenant of quiet possession. There being no language covenanting "to warrant and defend title" in the Tomlinson or Fisher Deeds, attorney's fees are not recoverable for a breach of the covenants of quiet possession contained therein.

### 2. Virginia

"Virginia follows the general 'American Rule' that 'in the absence of any contractual or statutory liability therefor, attorneys' fees and expenses incurred by the plaintiff in the litigation of his claim against the defendant ... are not recoverable ....'"

*Rambus v. Infineon Technologies, AG,* 164 F.Supp.2d 743, 758–59 (E.D.Va.2001) (quoting *Hiss v. Friedberg,* 201 Va. 572, 578, 112 S.E.2d 871 (1960)), *rev'd on other grounds,* 318 F.3d 1081 (Fed.Cir.2003).

There are exceptions and modifications to this rule. *Hiss,* 201 Va. at 577, 112 S.E.2d 871. Virginia courts have adopted the principle that " 'where a breach of contract has forced the plaintiff to maintain or defend a suit with a third person, he may recover the counsel fees incurred by him in the former suit provided they are reasonable in amount and reasonably incurred.' " *Rambus,* 164 F. supp.2d at 759 (quoting *Hiss,* 201 Va. at 577, 112 S.E.2d 871). "The recovery of fees in cases of that sort, however, generally has been limited to fees incurred during litigation with third parties, not in antecedent litigation between the same parties." *Id.* at 760.

The majority view is that, in an action for breach of warranty or covenant, counsel fees incurred in prior litigation with a third person in defense of title are recoverable. *Hiss,* 201 Va. at 578, 112 S.E.2d 871. The Supreme Court of Virginia, however, has expressly adopted the minority position that "in an action for breach of warranty and covenants, where the grantee had been evicted, his measure of damages is the price paid for the land with interest, and that counsel fees incurred in the prior litigation are not recoverable." *Id.* (citing *Morgan,* 107 Va. 331, 58 S.E. 564); *see also* 5A Michie's, Covenants § 39. Contrary to VEPCO's assertions, the Supreme Court did not, in *Hiss,* limit *Morgan* to those case where the covenantee has been evicted. Rather, as earlier explained, the covenant of quiet possession is itself limited to such cases.

### 3. Conclusion

Neither North Carolina nor Virginia permit the covenantee to recover, as damages for a breach of the covenant of quiet possession, attorney's fees accrued in an action of this sort.

### D. Summary

A review of North Carolina and Virginia law reveals: (1) that to properly plead a breach of the covenant of quiet possession the covenantee allege actual or constructive eviction; and (2) that attorney's fees accrued in defending an action brought by the covenantor are not recoverable as damages for breach of the covenant.

### IV. The Legal Sufficiency Of VEPCO's Counterclaim

VEPCO's Counterclaim asserts that, by filing an action challenging VEPCO's use of the subject easements, the Plaintiffs have breached the covenant for quiet possession contained within the easement grants. This is a novel challenge. Although the covenant of quiet possession has existed in conveyances for hundreds of years, VEPCO has cited no decision for the premise that an action on an easement by a grantor seeking to compel the holder to remain within the scope of the easement, is a breach of the covenant here asserted.

Indeed, in the centuries old history of the covenant of quiet possession, there appears to be no authority for the premise that the covenant is breached when the covenantor files an action seeking an interpretation of the very deed containing the covenant. However, an analogous situation was presented in *Sharpton v. Lofton,* 721 S.W.2d 770 (Mo.Ct.App.1986). The grantors in *Sharpton* brought an action against the grantees to set aside a general warranty deed and the grantees counterclaimed for breach of an express covenant to defend title and an implied covenant of quiet enjoyment. *Id.* at 772. The court found that the grantees had "misconstrued the nature of a warranty deed and the

warranties therein." *Id.* at 776–77. After describing the covenant of quiet possession in terms substantially identical to those set forth above, the court reasoned as follows:

> Plaintiffs have challenged the validity of the deed and land sale contract. If the deed were to be set aside, then the warranties within it would be of no effect and plaintiffs would not be bound to defend for defendants to the extent of their title granted as against third parties. Sellers do not breach their warranty to defend title when they sue to set the warranty deed aside. Such suit is not an attack on seller's good title. The warranty to defend does not operate to prevent seller's attack on the deed. Defendants have failed to state a legally cognizable claim for breach of warranty.

*Id.* at 777. Similarly, here, the Plaintiffs have not filed this action as an attack on the easement grantors's good title. Rather, the Plaintiffs assert that VEPCO never obtained the "title" that it purports to have because, as the Plaintiffs construe the easement grants, an easement for fiberoptic cable was never conveyed to begin with. In such an action, the covenant of quiet possession is simply inapplicable. Thus, to provide VEPCO relief on its counterclaim would necessitate a drastic extension of state law, a course not open to this Court.

VEPCO'S counterclaim fails for the additional reason that it does not allege an actual or constructive eviction. Nor has VEPCO asserted that by amendment, it could make such an allegation. Absent that critical prerequisite, the counterclaim fails as a matter of law.

Finally, VEPCO's counterclaim fails because, as damages for the alleged breach of the covenant of quiet possession, VEPCO seeks only attorney's fees and costs incurred in defending this litigation. As previously explained, attorney's fees incurred by a covenantee defending its title in litigation are not recoverable as damages for a breach of the covenant of quiet possession. Therefore, the counterclaim is legally insufficient because its damage component is for a type of damage not available as a matter of law for the kind of claim asserted. Rather, the counterclaim is a rather thinly disguised effort to secure an award of attorney's fees where none are available at law.

## CONCLUSION

For the foregoing reasons, "it appears beyond doubt that [VEPCO] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Therefore, the Plaintiffs's Motion To Dismiss Defendant's Counterclaim is granted.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.